PAPER SERVICE CO., INC., Respondent, v. INDUSTRIAL PAPER CO., INC., Appellant.

First Department, April 7, 1922.

References — order made on court's own motion directing reference to hear and determine — requirement in order, inserted without consent of either party, that each party file bond to secure expenses of reference improper — mandatory requirement improper.

Where the court on its own motion directs that a cause be referred to a referee to hear and determine, it is improper, without the consent of the parties, to include in the order a requirement that each party file a bond to secure the costs and expenses of the reference, including the referee's fees. Such a requirement

**594** Paper Service Co., Inc., *v.* Industrial Paper Co., Inc.

First Department, April, 1922. [Vol. 200

will be stricken out on appeal although the appeal is taken only from the requirement in respect to the appellant.

*It seems,* that if such a requirement would be proper under any circumstance, it could only be imposed as a condition of granting some relief desired by a party, and even then a mandatory order, compliance with which could only be enforced by contempt proceedings, should not be made, as a party's right to a fair and impartial trial might be prejudiced thereby.

Appeal by the defendant, Industrial Paper Co., Inc., from so much of an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 23d day of December, 1921, as directs that the defendant file a bond to secure the payment of the costs and expenses of a reference including the fees of the referee.

*Louis B. Boudin* [*Isidor Lazarus* of counsel], for the appellant.

*Joseph G. Cohen,* for the respondent.

Laughlin, J.:

The parties are domestic corporations. The action is by a principal against its agent to recover a balance of $11,827.69 alleged to have been received by the agent for the account of the principal on the sale of its goods over and above commissions and other charges to which the agent was entitled, and interest thereon from the date when it is alleged the agent should have accounted therefor. The order shows that the issues were duly brought on for trial at Trial Term, and recites that it appearing to the satisfaction of the court that the trial would involve the examination of a long account and would not require the decision of difficult questions of law, the court ordered that the cause be referred to a referee named to hear, try and determine the issues excepting a special defense which had been stricken out. The order further provides that each of the parties shall file a separate surety company bond on or before a specified date in the sum of $1,000 conditioned that if the party shall be unsuccessful on the hearing, it will pay the costs and expenses thereof including the fees of the referee and of his stenographer. It is to be inferred that neither party asked for the order of reference and that it was made by the court of its own motion; and so far as appears, the part of the order with respect to security for the expenses of the reference was made without the consent of either party. Since neither party requested a reference of the issues and the same was made in the exercise of the discretion of the court, there was no authority to impose any condition upon either or both of the parties with respect to the expenses of the reference. In *Ellsworth* v. *Brown* (16 Hun, 1) a referee, appointed to hear, try and determine the issues, after several hearings refused to appoint a further hearing until his

fees were paid, and two years thereafter defendant moved to dismiss the complaint for plaintiff's neglect to prosecute the action. The motion was granted and the order was affirmed by the General Term on the ground that there had been inexcusable negligence on the part of the plaintiff. The court, however, expressly disapproved of the attitude of the referee in demanding payment in advance and also of paying a referee in advance and held that where a referee refuses to proceed the remedy is an application for his removal and the appointment of another in his place. In the opinion of the court it is stated that on sufficient ground, the court might perhaps require the deposit of money to meet the fees of the referee before he would be required to proceed with the reference but that such a requirement would necessarily have to rest on something unusual and peculiar to the particular case; and that the plaintiff should have applied to the court for relief and if he had done so, he would have been accorded relief by removing the referee and appointing another or by directing the deposit of the fees of the referee. If such a requirement would be proper, in any circumstances, it is manifest that it could only be imposed as a condition of granting some relief desired by a party, and even then a mandatory order, compliance with which could only be enforced by contempt proceedings, should not be made, for, manifestly, a party should not be subjected to contempt proceedings for prosecuting a remedy or defending against the same. Moreover, one party might be able and willing to furnish such a bond and the other might be unable or unwilling so to do and the attitude of one or the other with respect thereto might prejudice him on the reference. Although the defendant does not appeal from that part of the order requiring the plaintiff to give a bond, since none of the provisions of the order with respect to the bond were authorized, all of them should be stricken from the order. It follows that the order so far as appealed from should be reversed but without costs and the paragraph thereof requiring each party to file a bond should be stricken therefrom with leave to the defendant, if so advised, to move for the substitution of another referee in place of the one named.

DOWLING, PAGE, MERRELL and GREENBAUM, JJ., concur.

Order so far as appealed from reversed, without costs, and the paragraph thereof requiring each party to file a bond stricken therefrom, with leave to defendant, if so advised, to move for the substitution of another referee in place of the one named.