■ JOSEPHINE FILIPPI, Appellant, v WILLIAM J. FILIPPI, Respondent, et al., Defendants.—In an action *inter alia* for divorce, plaintiff appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County, dated September 2, 1975, as, after a nonjury trial, (1) dismissed the complaint, (2) adjudged that she has no right, title or interest in and to moneys (a) received by respondent from his employer's profit sharing trust or (b) deposited by respondent in certain banks, (3) vacated all liens and restraints initiated by her against certain bank accounts and (4) failed to award her ancillary relief in the form of support for herself and one minor child. Judgment affirmed insofar as appealed from, without costs or disbursements. In our opinion, the evidence adduced at the trial failed to establish a course of conduct by respondent against plaintiff which endangered her physical and mental well-being and rendered it unsafe or improper for her to cohabit with him (see Domestic Relations Law, § 170, subd [1]). A marriage of long duration (24 years here) requires a high degree of proof to show that the conduct of the defendant so endangered the physical and mental well-being of the plaintiff as rendered it unsafe or improper for the plaintiff to cohabit with the defendant *(Johnson v Johnson,* 36 NY2d 667). The statutory provision establishing cruel and inhuman treatment as a ground for divorce does not authorize dissolution of a marriage for irreconcilable differences, incompatibility or

irremedial differences. Nor is it a ground for divorce that two parties acquiesce in a sex-limited relationship (see *Hammer v Hammer,* 34 NY2d 545). The course of conduct alleged by plaintiff to constitute cruel and inhuman treatment related to mutual unwillingness to engage in sex, and riotous quarrels among plaintiff, respondent and their daughters. At no time did plaintiff seek or receive medical attention subsequent to these quarrels and at no time was she put in fear for her safety. None of the incidents set forth approach the character of actual violence; nor do they establish a pattern of cruelty (see *Berlin v Berlin,* 64 Misc 2d 352, mod on other grounds 36 AD2d 763, mot for lv to app dsmd 28 NY2d 986). Plaintiff also contends that the trial court erred in denying her one-half the remainder of funds deposited in joint holdings. We do not believe that determination to have been erroneous. The uncontradicted evidence of the parties reveals that the funds for the accounts came solely from respondent's profit sharing plan. He placed the funds in joint names for convenience and emergency purposes, he maintained control of the passbooks and certificates, and plaintiff concedes that the purpose of the funds was for respondent to invest in or to establish a business. Subdivision (b) of section 675 of the Banking Law creates a rebuttable presumption when a joint account is created that the funds therein belong to those in whose names the account was made. Where the proof demonstrates that the joint account was created as a matter of convenience, and not with the intention of conferring a beneficial interest, the presumption is effectively rebutted *(Cinquemani v Cinquemani,* 42 AD2d 851, 852; see, also, *Matter of Bricker v Krimer,* 13 NY2d 22). Plaintiff cites *Matter of Kleinberg v Heller* (38 NY2d 836) as contrary authority. However, that case turns upon the irrebuttable presumption relating to survivorship, rather than the rebuttable presumption of joint tenancy. Plaintiff further contends that the trial court erred in failing to grant her ancillary relief. However, it appears that such relief had already been granted in a separate action in Family Court, about which the trial court had been apprised before it arrived at its determination. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.