■ WILLIAM T. DENNY, Respondent, v MILDRED C. DENNY, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 2, 1977 in Rensselaer County, upon a decision of the court at a Trial Term, without a jury. The parties were married in 1941 and lived together continuously until 1973 when plaintiff husband transferred to Kansas in order to secure increased pension benefits. Defendant wife refused to accompany plaintiff to Kansas and when plaintiff's employment was terminated in 1975 he returned to the marital residence in Rensselaer, New York. Approximately seven months later plaintiff commenced this action seeking a divorce on the grounds of cruel and inhuman treatment pursuant to subdivision (1) of section 170 of the Domestic Relations Law. The court awarded plaintiff a divorce after finding that plaintiff was dominated by defendant to the point where his self-confidence was shaken; that plaintiff was deprived of the enjoyment of reasonable intimacy with defendant; that defendant did not make plaintiff's family welcome in the marital residence; and that defendant refused to join plaintiff in Kansas when his position, livelihood and ultimate pension rights were imperiled by such a refusal. It is from this judgment that defendant appeals. Considering the fact that the parties had been married for 36 years, a high degree of proof is required to show that defendant's conduct so endangered the physical and mental well-being of plaintiff as to render it unsafe or improper for plaintiff to cohabit with defendant (Anderson v Anderson, 58 AD2d 679). A higher level requirement is also applicable since the marriage is of long duration and the wife is the defendant and unable to obtain alimony if she loses (Anderson v Anderson, supra). It is also to be remembered that subdivision (1) of section 170 of the Domestic Relations Law does not authorize the granting of a divorce based on irreconcilable differences, incompatibility or irremedial differences (Filippi v Filippi, 53 AD2d 658). Although plaintiff claimed impairment of his physical health, he sought no medical attention during the seven months following his return from Kansas. In our view, plaintiff failed to sufficiently demonstrate that defendant's conduct endangered his physical or mental well-being. Regarding plaintiff's deprivation of the enjoy-

ment of reasonable intimacy, there was no showing that defendant ever directly refused sexual relations with plaintiff. Defendant's refusal to accompany plaintiff to Kansas was not specifically alleged in the complaint as constituting cruel and inhuman treatment and immediately after being terminated from his employment plaintiff rejoined defendant in the marital residence where they resided together for several months thereafter. Upon careful examination of the record, we are of the opinion that plaintiff has failed to prove "cruel and inhuman treatment" within the meaning of subdivision (1) of section 170 of the Domestic Relations Law (see *Hessen v Hessen,* 33 NY2d 406). Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.