### (February 15, 1979)

■ ILSE JORGENSEN, Respondent, v ARNOLD C. JORGENSEN, Appellant.— On the court's own motion, its decision and order, both dated February 5, 1979 (67 AD2d 902), are vacated and recalled and the following substituted decision is rendered: In a matrimonial action, defendant appeals from a judgment of the Supreme Court, Westchester County, dated July 25, 1978,

which, *inter alia,* granted the plaintiff a divorce on the ground of cruel and inhuman treatment. Judgment modified, on the law, by deleting the first, second, third, fourth, fifth, sixth, eighth, ninth and tenth decretal paragraphs thereof and substituting therefor a provision dismissing the complaint. As so modified, judgment affirmed, without costs or disbursements. In this marriage of almost 14 years, the evidence adduced at the trial failed to establish a course of conduct by the defendant husband against the plaintiff which endangered her physical or mental well-being as rendered it unsafe or improper for her to cohabit with him (see Domestic Relations Law, § 170, subd [1]; *Filippi v Filippi,* 53 AD2d 658; *Johnson v Johnson,* 36 NY2d 667). The course of conduct here found credible by the trial court included only one specific instance (in 1977) in which the defendant allegedly accused the plaintiff, in front of the children, of having committed an act of adultery (cf. *Hessen v Hessen,* 33 NY2d 406); two instances (in 1975) in which the defendant allegedly taunted the plaintiff with his having committed adultery with a coemployee; one instance (in 1977) in which the defendant allegedly forced his affections upon the plaintiff; and conclusory allegations to the effect that the defendant had, on occasion, spoken of his and the plaintiff's respective acts of alleged adultery in public to third persons. However, no independent evidence to establish this last fact was introduced at trial despite the fact that the plaintiff called two of the parties' neighbors as witnesses on her direct case. As for the defendant, he denied plaintiff's claim that he had forced his affections upon her but admitted that he had taunted her by claiming to have committed adultery with a coemployee. However, he denied the truth of these statements, asserting that he had made them in an effort to rekindle his wife's affections. It is perhaps instructive to note that the plaintiff continued to share the same bedroom, but not the bed of the defendant, up to the date of the trial and that at no time did she either seek or receive medical attention for her physical, mental or emotional state as a result of her contact with the defendant. Under these circumstances, we believe that the evidence adduced was legally insufficient to establish cruel and inhuman treatment. Therefore, the judgment of divorce must be reversed and the complaint dismissed. As we have previously stated, "The statutory provision establishing cruel and inhuman treatment as a ground for divorce does not authorize [the] dissolution of a marriage for irreconcilable differences, incompatibility or irremedial differences. Nor is it a ground for divorce that two parties acquiesce in a sex-limited relationship (see *Hammer v Hammer,* 34 NY2d 545)" *(Filippi v Filippi,* 53 AD2d 658, 659, *supra).* Gulotta, J. P., Shapiro, Cohalan and Margett, JJ., concur.