■  JAMES SGROI, Appellant, v PHYLLIS SGROI, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered November 3, 1977 in Madison County, upon a decision of the court at a Trial Term, without a jury. In July, 1977, James Sgroi commenced this action for divorce on the grounds of his wife's alleged cruel and inhuman treatment. Defendant asserted the affirmative defense that if she engaged in conduct constituting cruel and inhuman treatment it was unintentional, and the direct result of her husband's conduct. At the trial, plaintiff testified that defendant threatened him on two separate occasions with a knife and once with a frogging spear. Defendant denied the allegations, and testified that a friend of her husband who corroborated his testimony as to one of the incidents was lying. Plaintiff further testified that defendant threw both water and a ladle at him. Defendant admitted throwing the ladle, but claimed that she was not throwing it at the plaintiff. She also admits to having thrown the water, but maintains that plaintiff immediately got off the couch and slapped her on the face. Plaintiff also testified that defendant hit him on several occasions, including times when he refused to give her money. Defendant did not deny this allegation, but maintained that she shoved him only kiddingly and never in anger. There was conflicting

testimony as to defendant's housekeeping efforts, but both parties agreed that their sexual relationship was very unsatisfactory. The trial court held that plaintiff did not sustain his burden of proving cruel and inhuman treatment, and dismissed the complaint (Domestic Relations Law, § 170, subd [1]). Further, the court awarded defendant exclusive possession of the household furnishings, alimony in the amount of $60 per week, counsel fees in the amount of $550, and ordered that plaintiff continue to pay the monthly mortgage payments of $123.99 on the marital residence. In *Hessen v Hessen* (33 NY2d 406), it was held that when determining the status of a divorce action pursuant to subdivision (1) of section 170 of the Domestic Relations Law, a trial court should be permitted to exercise its discretion in considering the financial status of the respective parties, their age, health, necessities and obligations, their station in life, the duration and nature of the marriage, and the conduct of the parties (see, also, Domestic Relations Law, § 236). Although the plaintiff has demonstrated the strain and unpleasantness in the relationship, these are not grounds for divorce, *(Orloff v Orloff,* 49 AD2d 975), nor are irreconcilable differences, incompatability or irremedial differences alone sufficient *(Denny v Denny,* 65 AD2d 658). In addition, no testimony has been presented showing that plaintiff needed medical care and treatment, or that he could not properly perform his work. Thus, plaintiff has not proven that defendant's conduct has adversely affected his physical or mental well-being so as to render it unsafe or improper for plaintiff to continue cohabitation *(Anderson v Anderson,* 58 AD2d 679). The trial court properly exercised its discretion in finding a lack of cruel and inhuman treatment on the part of defendant. The plaintiff maintains that the circumstances of the parties and their physical ability to work did not warrant the order of the trial court granting alimony to defendant. However, the court considered the fact that plaintiff had been working for 11 years as a truck driver with a gross income of $23,000, and that defendant was terminated from employment when she was unable to work for two weeks due to illness. Based on the facts here, the trial court did not abuse its discretion in granting alimony, or in setting the amount. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.