■ PAULA KNOX, Appellant, v JOHN KNOX, Respondent.—In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County, entered October 21, 1977, as, after a nonjury trial, dismissed her complaint seeking a divorce and alimony, granted defendant's counterclaim for divorce, awarded defendant exclusive possession of the marital residence and failed to direct an equal distribution of the proceeds of the former joint bank accounts. Judgment reversed insofar as appealed from, on the law, with costs, plaintiff is granted a divorce on the ground of cruel and inhuman treatment (see Domestic Relations Law, § 170), and defendant's counterclaim is dismissed. The action is remitted to Special Term for a *de novo* determination as to the issues of alimony, possession of the marital residence and the proceeds of the former joint bank accounts. Special Term found that plaintiff's recurrent intoxication and abrogation of her household duties constituted cruel and inhuman treatment of defendant. However, defendant could show no physical injury to himself other than headaches and, as to these, there was no proof that plaintiff was the cause thereof other than defendant's self-diagnosis. This does not satisfy the rigid requirements for proving cruel and inhuman treatment (see *Rios v Rios,* 34 AD2d 325, affd 29 NY2d 840), especially in view of the higher standard of proof required when, as here, the parties have been married for many years (22) and a divorce entered against the wife would leave her unsupported and unable to support herself (see Domestic Relations Law, § 236; see, also, *Hessen v Hessen,* 33 NY2d 406; *Filippi v Filippi,* 53 AD2d 658). Plaintiff, however, made out a sufficient case for divorce on the ground of cruel and inhuman treatment of her by defendant, on the basis of two unprovoked physical attacks on her by defendant within one and one-half years (see *Echevarria v Echevarria,* 40 NY2d 262), and defendant's frequent violent outbursts precipitated by plaintiff's drinking habits. Damiani, J. P., Cohalan, Margett and Martuscello, JJ., concur.