■ EMALYN L. LAWSON, Respondent, v WILLIAM J. LAWSON, Appellant.—Appeal from a judgment and decree of divorce of the Supreme Court in favor of plaintiff, entered July 24, 1979 and August 2, 1979, respectively, in Franklin County, upon a decision of the court at a Trial Term, without a jury. The parties were married in 1946 and had three children, the youngest of whom was born in 1954. In 1964, the parties entered into a separation agreement and shortly thereafter the plaintiff obtained a decree of divorce in Alabama. Plaintiff discovered in 1977 that the divorce decree from Alabama was fraudulently issued and, therefore, commenced this action for divorce in 1978 upon the ground that the parties had lived separate and apart from more than one year pursuant to a separation agreement. Defendant, in his answer, denied that plaintiff had substantially complied with the terms of the separation agreement and counterclaimed for divorce on the grounds of cruel and inhuman treatment. By judgments entered July 24, 1979 and August 2, 1979, defendant was granted a divorce on the ground of cruel and inhuman treatment, plaintiff was granted a conversion divorce based on the separation agreement and defendant was directed to continue to pay plaintiff $40 per week in support pursuant to the separation agreement. Defendant appeals from so much of the judgment and decree of divorce as granted plaintiff a conversion divorce and directed him to pay alimony. Initially, it is argued that section 236 of the Domestic Relations Law proscribes the payment of alimony when a divorce is granted on the basis of the wife's misconduct. Although

plaintiff did not appeal from so much of the decree of divorce. entered August 2, 1979, as granted her husband a divorce on the ground of cruel and inhuman treatment, we are of the view that the portions appealed from are inextricably intertwined with said portion and, therefore, this court is not precluded from passing upon so much of the decree of divorce as is necessarily affected by the portion from which an appeal has been taken (see *Matter of Burk,* 298 NY 450, 455; *Foley v Roche,* 68 AD2d 558, 564). In order to be granted a divorce on the grounds of cruel and inhuman treatment, defendant was required to prove that plaintiff's conduct so endangered his physical or mental well-being as to render it unsafe or improper for him to cohabit with plaintiff (Domestic Relations Law, § 170, subd [1]). In support of his counterclaim, defendant offered proof that during their separation plaintiff entered upon a course of conduct which created pressure upon the children of the marriage to refrain from visiting with or maintaining emotional ties with him. According to defendant's testimony, he stopped exercising his visitation rights shortly after the parties entered into the separation agreement due to the fact that he believed continued visitation would be injurious to the children as a result of the pressure brought to bear upon them by plaintiff. It should be noted that at the time this action was commenced all of the children of the parties had reached the age of majority; that during the period of the parties' separation defendant remarried; and that due to the Statute of Limitations contained in section 210 of the Domestic Relations Law, defendant was limited to proving plaintiff's alleged cruel and inhuman treatment of him only during the five years before 1978, when this action was begun. Considering the length of time the parties had been married, a high degree of proof was required to show that plaintiff's conduct so endangered defendant's physical and mental well-being as to render it unsafe or improper to cohabit *(Denny v Denny,* 65 AD2d 658). Even accepting defendant's allegations as true, we are of the opinion that he has failed to prove "cruel and inhuman treatment" within the meaning of subdivision (1) of section 170 of the Domestic Relations Law. Accordingly, so much of the decree of divorce as granted defendant a divorce on the grounds of cruel and inhuman treatment must be reversed. Having so concluded, we find no impropriety in the granting of alimony payments to plaintiff. It is also contended by defendant that plaintiff failed to substantially comply with the terms of the separation agreement and, therefore, she was not entitled to a conversion divorce. Specifically, defendant urges that plaintiff prevented him from exercising his visitation rights provided in the separation agreement. Subdivision (6) of section 170 of the Domestic Relations Law requires that a plaintiff submit satisfactory proof of substantial performance of all the terms and conditions of the separation agreement in order to be granted a conversion divorce. In our view, upon examination of the entire record, the trial court could find that although plaintiff did not encourage visitation, she did not prevent it; that plaintiff did not deny defendant his right to visitation; and that defendant chose not to exercise his visitation rights because of his own beliefs concerning the emotional harm to the children that would result. The record also reveals that defendant did not discuss the problem with plaintiff nor did he take any legal action over the years to enforce his visitation rights or to gain custody of the children himself. We conclude,

therefore, that the trial court could properly determine that substantial compliance was proven by plaintiff and, therefore, the judgment and so much of the decree of divorce as granted plaintiff a conversion divorce should be affirmed. It appears from plaintiff's brief that counsel fees are also being sought. Applications for counsel fees, however, should be made to and passed upon by the court of original instance *(Roscini v Roscini,* 45 AD2d 254, 257). Decree of divorce, entered August 2, 1979, modified, on the law, by reversing so much thereof as granted defendant a divorce on the ground of cruel and inhuman treatment, and, as so modified, affirmed, without costs. Judgment, entered July 24, 1979, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Casey, JJ., concur.