■ PATRICIA A. WARGULESKI, Respondent, v ROBERT J. WARGULESKI, Appellant. — Judgment reversed, without costs, and complaint dismissed. Memorandum: Plaintiff commenced this action for divorce in 1977, alleging that for several months prior to March, 1977 defendant's treatment of her had been cruel and inhuman, and his conduct such as to render it unsafe for her to cohabit with him (see Domestic Relations Law, § 170, subd [1]). The trial court, in a memorandum decision, pursuant to CPLR 4213 (subd [b]), found that the evidence submitted by plaintiff fell far short of evidencing such proof necessary to sustain a divorce on the ground of cruel and inhuman treatment, but since the marriage was obviously "dead", plaintiff was granted a divorce pursuant to subdivision (1) of section 170 of the Domestic Relations Law. Subsequently the court signed findings of fact and judgment granting the divorce on the ground of cruel and inhuman treatment. To obtain a divorce on the ground of cruel and inhuman treatment, the evidence must establish a course of conduct which so endangers the physical or mental well-being as renders it unsafe or improper for plaintiff to cohabit with defendant. This ground does not authorize the granting of a divorce for irreconcilable differences, incompatability, irremedial differences or, as was done here, where it was found "no useful purpose will be served by perpetuating this marriage" *(Jorgensen v Jorgensen,* 67 AD2d 958; *Filippi v Filippi,* 53 AD2d 658). The evidence adduced at trial established that the parties were married in 1965 and have three children; that in 1973 defendant struck plaintiff and bloodied her nose; that on another occasion defendant came home intoxicated and tore plaintiff's clothes off; that he has pushed her and thrown things at her; and that these incidents only occurred in the years 1972 to 1975. Plaintiff presented no corroboration of her claim that medical attention was required for her alleged nervous and distraught condition caused by the marriage. This evidence is insufficient to establish the necessary course of conduct, and an application of the ground of cruel and inhuman treatment to a "dead" marriage is not authorized by the statute (see *Hessen v Hessen,* 33 NY2d 406). Furthermore, the incidents complained of occurred in the years 1972 to 1975; from 1975 to 1977, in which year plaintiff

left defendant to move in with her paramour, she and her husband experienced normal marital relations. Plaintiff lost any viable cause of action for cruel and inhuman treatment she may have had at one time by her admitted conduct in sharing a common household with her husband. Absent the proof by plaintiff of extraordinary circumstances for her remaining, it is contrary to the policy of the law and incongruous to sanction a divorce under the circumstances shown *(Berman v Berman,* 277 App Div 560; *Takagi v Takagi,* 38 Misc 2d 476). All concur, except Hancock, Jr., J. P., and Doerr, J., who dissent and vote to affirm the judgment, in the following memorandum.

Hancock, Jr., J. P., and Doerr, J. (dissenting). We would affirm. Plaintiff testified that when defendant had been drinking he would shove her and throw chairs, dresser drawers, and other items at her, that on one occasion he struck her in the face causing her nose to bleed, that he ripped the telephone out of the wall more than once to prevent her from calling for help and that he tore her clothes off. She stated that as a result of these and other incidents she was afraid of defendant, became nervous and upset and had to take tranquilizers. On one occasion she attempted to commit suicide by swallowing the contents of a bottle of aspirin for which she was hospitalized. Her testimony revealed that the conduct of defendant was such that in 1977, just before she left the marital home "I just felt I was at the end of my rope. I couldn't take it any more." Defendant did not controvert or deny the specific allegations brought out by plaintiff's testimony and indeed, admitted that many of the acts of cruelty did occur. This proof, which the court could and apparently did accept, is sufficient to sustain the judgment of divorce (see *Hessen v Hessen,* 33 NY2d 406). It is, of course, well established that incompatability or irremedial differences, without more, fails to provide the requisite grounds for the granting of a divorce. The record in this case, however, shows that the judgment was not predicated upon any inappropriate standard. In its memorandum decision finding cruel and inhuman treatment the court included an obviously inconsistent statement that "the evidence submitted by plaintiff falls far short of evidencing such proof" as would sustain the granting of a divorce. The court also added gratuitously that "this is obviously a dead marriage". These comments are in conflict with other findings contained in the decision and, moreover, are in conflict with the judgment of divorce and the separate findings of fact and conclusions of law of the court. Indeed in its finding of fact number five, the court found "That the defendant was guilty of cruel and inhuman treatment of the plaintiff without cause, to wit, when drinking striking plaintiff and causing her great fear and distress and causing her to seek medical attention, and making it unsafe and improper to cohabit with the defendant". Any suggestion that plaintiff may have waived her right to assert cruel and inhuman treatment is negated by the court's further specific finding that she "did not condone nor *[sic]* forgive the acts complained of." These findings are fully supported in the record. This appeal is from the judgment of the court, not from its memorandum decision and in view of the ample evidence in the record supporting the judgment of divorce, we cannot view the court's unsupported and conflicting statements in its decision as a sufficient basis for reversal. (Appeal from judgment of Onondaga Supreme Court — divorce.) Present — Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Moule, JJ.