■ DORIS FEINBERG, Respondent, et al., Plaintiff, v SAKS & COMPANY et al., Appellants, et al., Defendant. — In an action to recover damages for, *inter alia,* false arrest and imprisonment and malicious prosecution, defendants Saks & Company and Norma Sanderson separately appeal from so much of a judgment of the Supreme Court, Westchester County (Burchell, J.), entered July 15, 1980, as is in favor of plaintiff Doris Feinberg upon her cause of action for malicious prosecution, in the principal amount of $105,000, upon a jury verdict. The appeal brings up for review an order of the same court, dated June 27, 1980, which denied the motion of said defendants to set aside the verdict on the ground that it was inconsistent with the jury's verdict in favor of them on plaintiff Doris Feinberg's cause of action for "false detention". Judgment

reversed insofar as appealed from and order reversed, on the law, with one bill of costs payable jointly to appellants, motion to set aside the verdict in favor of plaintiff Doris Feinberg is granted, and the cause of action for malicious prosecution is dismissed. The case arises out of an incident which occurred on June ·17, 1976 at the store of defendant Saks & Company. At that time, defendants Sanderson and Proft (not a party to this appeal) followed Doris Feinberg (hereafter plaintiff) from the store into the parking lot where they took her into custody. It was their contention that they observed plaintiff steal two shirts by tearing the price tags from them and asporting them from the store in a shopping bag. On Sanderson's complaint, plaintiff was charged with petit larceny. At a subsequent criminal trial, plaintiff was acquitted of that charge. Subsequently, this action was commenced. General verdicts were returned in favor of appellants on the cause of action for "false detention" and in favor of plaintiff on her cause of action for malicious prosecution. On their motion to set aside the jury's verdict against them and on this appeal, appellants claim that under the facts and circumstances of this case such verdicts are inconsistent. We agree, and accordingly reverse. At the outset, we note the general rule that a defendant who has "probable cause" to subject a plaintiff to a "reasonable detention" has a complete defense to a cause of action for false arrest or imprisonment and that the existence of such "probable cause" will serve to bar an action for malicious prosecution as well (see *Mullen v Sibley, Lindsay & Curr Co.,* 71 AD2d 21, revd on other grounds 51 NY2d 924). Of course, should some intervening fact become known to defendant between the time of detention and the time of prosecution which would serve to exonerate the plaintiff, any further prosecution at that point would be wanting of probable cause. Under such circumstances, an action for malicious prosecution would lie even though the plaintiff was not falsely imprisoned or detained (see *Oakley v City of Rochester,* 71 AD2d 15, affd 51 NY2d 908). In reviewing the facts presented at the trial, this court finds, as a matter of law and without resorting to mere speculation, that no such intervening circumstance occurred which would vitiate appellants' probable cause to detain and subsequently prosecute the plaintiff. Thus, the general rule as espoused in *Mullen (supra)* must apply and the verdicts for plaintiff on her cause of action for malicious prosecution and against her on her cause of action for "false detention" cannot be reconciled. Having found probable cause to detain plaintiff the jury was obliged to find (under the instant facts) that appellants also had probable cause to prosecute. Hence, we reverse and dismiss the cause of action for malicious prosecution. Lazer, J. P., O'Connor and Thompson, JJ., concur.

Margett, J., concurs in part and dissents in part, with the following memorandum: I agree with my colleagues that, on this record, the verdict in favor of Doris Feinberg (plaintiff) upon her cause of action for malicious prosecution (the plaintiff's verdict) is inconsistent with the verdict in favor of appellants upon her cause of action for false detention (the defendants' verdict). Accordingly, I join them insofar as they have voted to grant appellants' motion to set aside the plaintiff's verdict and to reverse so much of the judgment as awards her damages. However, I do not agree that the proper resolution of this appeal includes either dismissing the complaint or permitting the defendants' verdict to stand. Accordingly, I also vote (1) to reverse the judgment insofar as it dismisses plaintiff's cause of action for false detention and (2) to direct that a new trial be had with respect to both causes of action. Absent a conclusion by this court that at trial plaintiff failed to establish a prima facie case of malicious prosecution, I perceive no legal basis for depriving plaintiff of her jury verdict without affording her a new trial on that cause of action. Plaintiff's cause of action seeking money damages as a result of malicious prosecution is triable by jury as of right (see *Martin v City of Albany,* 42 NY2d 13).

Accordingly, under the circumstances of this case, unless she failed to establish a prima facie case, plaintiff, who prevailed on that cause of action at trial, has a constitutional right to have the merits thereof finally determined at a jury trial and not in this court (see *Martin v City of Albany, supra,* p 19). Since this court has not concluded that plaintiff failed to establish a prima facie case, but is reversing on the sole ground of inconsistency of verdicts, I respectfully dissent from so much of the order of this court as dismisses the complaint. Moreover, under the particular circumstances of this case, I am also of the view that there should be a reversal and a new trial with respect to so much of the judgment as is in appellants' favor upon plaintiff's cause of action for false detention, notwithstanding plaintiff's failure to cross-appeal from so much of the judgment as dismissed that cause of action. Where a jury returns general verdicts which are inconsistent, it is well settled that it is not the function of a court to select what it perceives to be the "correct" verdict and render judgment accordingly *(Gray v Brooklyn Hgts. R.R. Co.,* 174 NY 448).[*] Indeed, when Trial Term did so in rendering judgment for the defendant in an action for personal injuries where the jury had found against the plaintiff infant but for his mother on the latter's derivative claim, the Appellate Division reversed, with the following language: "Who can tell what the jury really intended here? In the circumstances, before the verdict had been finally recorded, the jury should have been advised that they could not render inconsistent verdicts, and then returned to the juryroom for further deliberation. As this was not done, the trial court should have set aside the inconsistent verdicts and directed a new trial. The correct procedure in such case is clearly set forth in *Gray* v. *Brooklyn Heights R.R. Co.* (175 N.Y. 448, at p. 450) where the court said: 'The practice of trying, with the consent of all concerned, the wife's action for personal injuries caused by negligence and the husband's action for loss of services owing to the same injury, at the same time and submitting them to the same jury upon the same evidence, should not be discouraged, for it saves the time of the court and witnesses and reduces the expenses of the parties. When, however, the two actions are thus tried together and inconsistent verdicts are rendered, we incline to the view that sound practice requires both verdicts to be set aside at once, without attempting by analysis of the evidence, or otherwise, to discover whether either should be allowed to stand. No other course is safe, for it cannot be told with reasonable certainty what facts the jury found.'" *(Reilly v Shapmar Realty Corp.,* 267 App Div 198, 200.) As the foregoing demonstrates, probably at more length than is strictly required, had plaintiff cross-appealed, the only appropriate disposition of the appeals would have been a reversal and new trial with respect to both of the causes of action that were submitted to the jury (see, e.g., *Adams v New York City Housing Auth.,* 24 AD2d 948; cf. *Noschese v City of New York,* 53 AD2d 566). However, under the circumstances of this case, particularly the nature of the ground for reversal, I am of the view that the same result should obtain, at least in the interest of justice, if not as a matter of law, notwithstanding plaintiff's failure

---

[*] In contrast, pursuant to CPLR 4111 (subd [c]), when a jury returns answers to written interrogatories that are consistent with each other but inconsistent with a general verdict, the court is empowered to, among other things, direct the entry of judgment in accordance with the answers to the interrogatories. However, under that same provision, if the answers to interrogatories are inconsistent with each other, then the court loses its power to direct the entry of judgment, presumably since in that situation the inconsistent answers to specific interrogatories are no better indication of the jury's actual findings than is the less specific general verdict. Thus, as one would expect, CPLR 4111 (subd [c]) represents no retreat from the fundamental principle that in a case which presents questions of fact for a jury, only the jury's resolution of those questions is to be given determinative effect.

to cross-appeal. In my view, neither appellant has limited the part of the judgment to be reviewed upon its appeal to so much of the judgment as was entered upon the plaintiff's verdict. At bar, there is one judgment which awards plaintiff damages on her cause of action for malicious prosecution and dismisses the remainder of her complaint. The notice of appeal of defendant Saks & Company states that it appeals "from the judgment of [the Supreme Court] *** which awarded plaintiff the sum of $105,000 plus costs and disbursements against said defendant, SAKS & COMPANY." The notice of appeal of defendant Sanderson states that she appeals "from the judgment of the Supreme Court of the State of New York *** whereby it was adjudged that the plaintiff, Doris Feinberg, recover of the defendants Saks & Company and Norma Sanderson, the sum of One Hundred and Six Thousand, Nine Hundred and Ninety Dollars and Eighty-Nine Cents ($106,990.89), and the defendant Norma Sanderson appeals from each and every part of said judgment as well as from the whole thereof." Thus, while both notices of appeal describe the judgment appealed from partially by reference to the relief awarded against the appellants, neither specifically limits the part of the judgment to be reviewed on this appeal to only that part of the judgment which grants such relief. Accordingly, in my view, this court is fully empowered to reverse so much of the judgment as dismisses plaintiff's cause of action for false detention and to direct a new trial on that cause of action (see CPLR 5515, 5522). Moreover, this court has such power even if the appellants' notices of appeal are read to limit the part of the judgment appealed from to that part which grants plaintiff judgment on her cause of action for malicious prosecution. Where an appeal has been taken from only one part of a judgment, an appellate court may, nevertheless, review so much of the remainder of the judgment as is "inextricably intertwined" with the part from which an appeal has been taken (Matter of Burk, 298 NY 450, 455; Lawson v Lawson, 79 AD2d 787, 788; Foley v Roch, 68 AD2d 558, 564). Thus, in Lawson, the judgment granted the plaintiff wife a "conversion" divorce based upon a separation agreement, directed the defendant husband to continue to pay the plaintiff alimony pursuant to the separation agreement, and granted the defendant husband a divorce based upon the plaintiff's cruel and inhuman treatment of him. The defendant appealed from so much of the judgment as granted plaintiff a conversion divorce and directed him to pay alimony. Plaintiff did not appeal from so much of the judgment as granted defendant a divorce based upon plaintiff's cruel and inhuman treatment. Nevertheless, since it was "inextricably intertwined" with the remainder of the judgment, the Appellate Division reviewed that portion of the judgment, concluded, as a matter of law, that defendant had not established cruel and inhuman treatment at trial and, having so concluded, found that plaintiff had been properly granted alimony payments. Perforce, the court in Lawson reversed so much of the judgment as granted defendant a divorce on the ground of cruel and inhuman treatment. Similarly, in this case, this court has effectively reviewed that portion of the judgment entered upon the appellants' verdict and has concluded that that verdict is inconsistent with the plaintiff's verdict. Since the two verdicts and the portions of the judgment entered thereon are "inextricably intertwined", this court, perforce, should also reverse the defendants' verdict. This conclusion is buttressed by other cases where the Appellate Division has afforded relief to parties who were not before the court as appellants, without reference to the doctrine of "inextricably intertwined" portions of appealable paper, where justice requires such relief in light of the disposition of the appellants' appeals. Thus, in Monahan v Fiore (71 AD2d 914), this court, on defendant Fiore's appeal, reversed an order granting plaintiffs' motion to restore the action to the Trial Calendar. Codefendants Klosowskis' appeal from that order

was dismissed as untimely. After that appeal, Trial Term declined to restore the action as against defendants Klosowskis, although they had not been party to the appeal. This court affirmed (76 AD2d 884), stating: "Although the appeal of the Klosowskis from the prior restoral order was dismissed, substantial justice clearly requires that our reversal of said order and denial of plaintiffs' motion inure, as well, to the benefit of these 'nonappealing' codefendants. Only in this way can defendant Fiore, the successful party on the prior appeal, be accorded complete relief without, at the same time, nullifying the rights of his codefendants to contribution from him via impleader (see CPLR 5522; cf. *Statella v Chuckrow Constr. Co.,* 28 AD2d 669; *Rome Cable Corp. v Tanney,* 21 AD2d 342; 5 Am Jur 2d, Appeal and Error, § 949; 4 NY Jur 2d, Appellate Review, § 488)." Similarly, in *Paper Serv. Co. v Industrial Paper Co.* (200 App Div 593), only defendant appealed from so much of an order as, upon directing a reference, also directed each party to post a bond that if it was unsuccessful on the hearing it would pay the referee's costs and expenses. On appeal, the Appellate Division reversed not only that part of the order which directed the defendant-appellant to post a bond, but also that part of the order which directed the plaintiff-respondent to do so, stating (p 595): "Although the defendant does not appeal from that part of the order requiring the plaintiff to give a bond, since none of the provisions of the order with respect to the bond were authorized, all of them should be stricken from the order." In my view, in line with these cases, substantial justice requires that a new trial be held with respect to both causes of action that were submitted to the jury. By holding that the jury rendered inconsistent verdicts in this case, the court has indicated that neither verdict may be safely regarded as a verdict that was arrived at by the jury by a proper application of the law to the evidence adduced at trial. Thus, to also reverse the judgment insofar as it was entered upon the appellants' verdict is not necessarily to deprive the appellants of a verdict that was properly obtained. Indeed, by choosing to challenge plaintiff's verdict on the particular ground of inconsistency of verdicts, the appellants, by their own action, have necessarily called into question the propriety of the verdict in their favor. Had Trial Term properly ruled upon their posttrial motion to set aside the plaintiff's verdict, it would have had no alternative but to direct that a new trial be had with respect to both causes of action at issue. Accordingly, and for the reasons set forth above, this court should now do what the Trial Term should have done and make such a direction.