■ In the Matter of ROGER A. WICK, as Director of the Bureau of Patient Resources, New York State Office of Mental Health, Appellant, v EDWARD GOZIGIAN, as Testamentary Trustee of ETHEL L. WOOD, Deceased, et al., Respondents. — Appeal from a decree of the Surrogate's Court of Otsego County (Kepner, Jr., S.), entered May 7, 1980, which directed a trustee to invade a trust corpus to pay certain costs incurred by the New York State Department of Mental Hygiene in caring for the life beneficiary of the trust and also determined that a portion of the State's claim was barred by the Statute of Limitations. The instant appeal centers upon a trust established by one Ethel Wood in her last will and testament which was admitted to probate in March of 1960. As specified in the will, Ethel Wood's son, Grant Wood, is the sole income beneficiary of the trust and entitled to the net trust income for the remainder of his life with the trust corpus to be divided among certain designated remaindermen upon his death. Additionally, it was provided that the trustee could invade the corpus of the trust for the benefit of Grant Wood "should an emergency arise with [Grant Wood] making it necessary for him to have additional funds". With these circumstances prevailing on June 8, 1976, the State Department of Mental Hygiene sent the testamentary trustee a verified claim for $13,990.14 representing the amount it was allegedly owed for hospital care rendered to Grant Wood from July, 1970 to December, 1973 at the State-operated Marcy Psychiatric Center. When the trustee later adopted the position that he had no authority to invade the trust corpus to satisfy the State's claim, even under the above-cited "emergency" clause, and took no action to obtain a judicial construction of Ethel Wood's will on this question, the State proceeded to commence an action for a construction of the will. Ultimately, the Surrogate ruled that the trustee was authorized to make payments to the State from the corpus to satisfy the claim with the exception of the portion of the claim covering costs incurred between January 1, 1973 and October 10, 1973 which the court determined to be time barred. This appeal ensued. We hold that the challenged decree must be reversed. It is now well settled that where, as here, a testamentary trustee is authorized only in the event of an emergency to invade a trust corpus for the benefit of an income beneficiary being treated in a State institution and the testator was aware that the beneficiary was institutionalized at the time the will in question was executed, the trustee lacks the authority to invade the corpus to pay for the beneficiary's institutionalization (*Matter of Maul v Fitzgerald,* 78 AD2d 706; *Matter of Escher,* 94 Misc 2d 952, affd 75 AD2d 531, affd 52 NY2d 1006). A contrary result here would render Ethel Wood's testamentary scheme meaningless and unjustifiably impose upon her, after death, a legal obligation to pay for her child's institutionalization which she did not have when she was

living. Finally, it is noted that respondents did not appeal from the Surrogate's decree. However, in view of our holding with respect to the trustee's lack of authority, we are of the opinion that the portion of the decree sought to be reviewed by the State is inextricably intertwined with the remainder thereof, and that, therefore, this court is not precluded from reviewing the latter upon the instant appeal (see *Lawson v Lawson,* 79 AD2d 787, 788; see, also, *Matter of Burk,* 298 NY 450, 455). This result renders unnecessary our consideration of whether or not any portion of the State's claim is time barred. Decree reversed, on the law, without costs, and petitioner's application for a decree to compel the testamentary trustee to invade the trust corpus to satisfy a State claim denied. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.