■ JAMES N. WILKINS, Respondent, v MARGARET J. WILKINS, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 9, 1981 in Fulton County, upon a decision of the court at Trial Term (Viscardi, J.), without a jury. In February, 1980, plaintiff husband commenced this action for divorce on the grounds of cruel and inhuman treatment (Domestic Relations Law, § 170, subd [1]). Defendant answered and later served an amended answer which interposed a counterclaim for divorce on the ground of abandonment (Domestic Relations Law, § 170, subd [2]). The parties

were married in 1971 and have two children in addition to the wife's three children from a previous marriage. At trial, plaintiff testified that during the last two to three years of marriage his wife refused to speak to him for weeks at a time, repeatedly denied loving him, and stated she wanted out of the marriage; that he was deprived of the enjoyment of reasonable intimacy with defendant for the last five years; and that defendant refused to prepare dinner if he arrived home late. Plaintiff, who had an ulcer, testified he suffered severe stomach pains and weight loss due to the marital tension. As a result, he left the family home in October, 1979. Defendant testified she was unaware of any serious problems in the marital relationship until after plaintiff left, and had invited him to return home. The trial court credited plaintiff's testimony and found the "non-talking, uncommunicative relationship on the part of the defendant made the marriage strained and unpleasant * * * that such behavior over such an extended period of time constitutes cruel and inhuman treatment". The court further concluded that the marriage was "defunct at the time of separation", justifying plaintiff's departure from the marital residence. Plaintiff was awarded a divorce and the counterclaim was dismissed. This appeal ensued. Although a trial court is vested with broad discretion in balancing the relevant factors, a high degree of proof is required to terminate a marriage of relatively long duration on grounds of cruel and inhuman treatment (*Bunce v Bunce,* 74 AD2d 711). A higher level requirement is applied where the spouse is the defendant and unable to obtain alimony if she loses (*Denny v Denny,* 65 AD2d 658, affd 48 NY2d 915; *Hessen v Hessen,* 33 NY2d 406). Essentially, the evidence must establish a course of conduct which so endangers the physical or mental well-being of a party as to render continued cohabitation unsafe or improper (Domestic Relations Law, § 170, subd [1]; *Lawson v Lawson,* 79 AD2d 787). A mere showing of strain and unpleasantness or irreconcilable differences is insufficient (*Denny v Denny, supra; Orloff v Orloff,* 49 AD2d 975). While a reading of the record confirms an irreconcilable strain in the marital relationship, the misconduct complained of must be more than incompatibility, and serious misconduct must be distinguished from trivial (*Hessen v Hessen, supra,* p 410). In our view, the evidence fails to satisfactorily establish that plaintiff's physical or mental well-being would be endangered by continued cohabitation. Measured in terms of the complained-of misconduct, plaintiff's self-diagnosed mental and physical endangerment, without corroboration, is simply not persuasive (*Warguleski v Warguleski,* 79 AD2d 1107; *Sgroi v Sgroi,* 70 AD2d 702; *Knox v Knox,* 70 AD2d 652). Despite his complaints, he sought no medical attention during this period. Plaintiff acknowledged his acceptance of alleged deprivation of reasonable intimacy. Plaintiff also conceded that dinner preparations were a shared responsibility. Even accepting plaintiff's allegations as true, we are of the opinion that he failed to sufficiently prove "cruel and inhuman treatment" within the meaning of subdivision (1) of section 170 of the Domestic Relations Law (*Denny v Denny, supra*). Accordingly, so much of the decree of divorce as granted plaintiff a divorce on the grounds of cruel and inhuman treatment must be reversed. In consideration of defendant's counterclaim, we first note that the action by plaintiff for divorce was instituted about five months after he departed the household. Although we here decide otherwise, it is clear that his departure was premised on what he deemed to be defendant's misconduct. One year after plaintiff left and prior to trial, defendant was allowed to amend her answer to assert a counterclaim grounded on abandonment. In our view, plaintiff's term of separation, bounded as it is by a lawsuit reasonably maintained, should not form the basis of a definitive abandonment (see *Mirizio v Mirizio,* 248 NY 175, 180-181 [Cardozo, J.]; *Phillips v Phillips,* 70 AD2d 30, 36-38). Dismissal of the

complaint does not compel a different result. We conclude that Trial Term properly dismissed defendant's counterclaim. Judgment modified, on the law and the facts, by reversing so much thereof as granted plaintiff a judgment of divorce, and plaintiff's complaint dismissed, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.