Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ HUGH M. SHERIDAN et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ BEATRICE SKALA, Appellant, v FRANK SKALA, Respondent. — In an action for divorce, the plaintiff wife appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered April 19, 1985, which, upon a jury verdict in favor of the defendant husband, dismissed her complaint. Plaintiff's notice of appeal from a clerk's extract of the minutes of trial, filed July 5, 1983, is deemed a premature notice of appeal from the judgment entered April 19, 1985 (*see,* CPLR 5520 [c]).

Judgment affirmed, with costs.

There is ample evidence in the record to support the jury's verdict. A judgment of divorce will not be granted in this State where the plaintiff merely shows irreconcilable differences and incompatibility between the parties (*Warguleski v Warguleski,* 79 AD2d 1107; *Jorgensen v Jorgensen,* 67 AD2d 902; *Denny v Denny,* 65 AD2d 658, *affd* 48 NY2d 915). Furthermore, the court's instructions to the jury with respect to the elements of cruel and inhuman treatment and abandonment were proper. Where the divorce action is based upon such grounds, there is no public policy requiring the dissolution of a marriage merely because it is "dead" (*Hessen v Hessen,* 33 NY2d 406; *Kennedy v Kennedy,* 91 AD2d 1200). Plaintiff's reliance upon *Gleason v Gleason* (26 NY2d 28) is misplaced. There plaintiff sought a conversion divorce, which is one instance where the Legislature clearly intended that a marriage could be terminated without proof of fault. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.