ROBERT W. JACOB, Appellant, v CATHY A. JACOB, Respondent. [778 NYS2d 191]—

Crew III, J. Appeal from a judgment of the Supreme Court (Hughes, J.H.O.), entered January 29, 2003 in Schoharie County, granting defendant a divorce and ordering equitable distribution of the parties' marital property, upon a decision of the court.

In November 2000, 24 years after the parties were married, plaintiff left the marital residence. Two months later, in January 2001, he commenced this action seeking a divorce based upon defendant's cruel and inhuman treatment. Defendant answered and counterclaimed asserting that plaintiff's treatment of her was cruel and inhuman and that plaintiff had abandoned her.

Following a nonjury trial, Supreme Court granted both parties' motions to conform their pleadings to the proof, dismissed plaintiff's complaint and granted defendant a divorce on the ground that plaintiff had abandoned her without justification. Consequently, the court awarded defendant maintenance in the amount of $200 per week for five years and equitably distributed the parties' property. Plaintiff now appeals.

Plaintiff contends that Supreme Court erred in failing to grant him a divorce based upon defendant's cruel and inhuman conduct. We disagree. To be sure, plaintiff provided substantial evidence of a strained and discordant marital relationship. However, as has been noted, a very high degree of proof is required for termination of a marriage of long duration on the grounds of cruel and inhuman treatment (*see e.g. Brady v Brady*, 64 NY2d 339, 344 [1985]; *Wilkins v Wilkins*, 91 AD2d 771, 772 [1982]), and the mere showing of irreconcilable differences is insufficient (*see Denny v Denny*, 65 AD2d 658 [1978], *affd* 48 NY2d 915 [1979]). Furthermore, where, as here, proof that plaintiff's physical or mental well-being would be endangered by continued cohabitation is supported only by plaintiff's general, nonspecific and conclusory statements, such testimony, without other corroborating evidence, is simply insufficient to justify a judgment of divorce (*see Wilkins v Wilkins, supra* at 772).

We find persuasive, however, plaintiff's contention that defendant should not have been granted a divorce based upon abandonment. In order to successfully sustain her claim of abandonment, defendant had to prove that plaintiff unjustifiably abandoned her, without her consent, for a period of one or more years as of the time she interposed her counterclaim (*see Phillips v Phillips*, 70 AD2d 30, 36 [1979]). Here, at the time defendant interposed her counterclaim, plaintiff had been absent from the marital residence for approximately six months and, thus, the alleged abandonment could not be grounds for a divorce. Moreover, to the extent that it is urged that defendant's motion to conform the pleadings to the proof, having been made more than a year after plaintiff left the marital residence, satisfied the statutory requirement of abandonment, we disagree. As we previously have held in a case where a party was allowed to amend her answer one year after her spouse had left the marital residence but prior to trial, that period of separation, "bounded as it is by a lawsuit reasonably maintained, should not form the basis of a definitive abandonment" (*Wilkins v Wilkins, supra* at 772). Accordingly, defendant's counterclaim for divorce based upon abandonment must be dismissed.

Although pursuant to this decision the marital relationship will continue unaltered, Supreme Court nonetheless was authorized to award maintenance to defendant, and we have no quarrel with the amount awarded except to note that the duration thereof must be for an indefinite period of time subject to modification pursuant to Domestic Relations Law § 236 (B) (1) (a) or § 248 (*see e.g. Garver v Garver*, 253 AD2d 512, 514 [1998]; *Schildkraut v Schildkraut*, 223 AD2d 585, 586 [1996]). Finally, inasmuch as neither party has established their entitlement to divorce, the marital property is not subject to equitable distribution (*see Walczak v Walczak*, 206 AD2d 900, 901 [1994]).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendant a divorce, awarded defendant maintenance in the amount of $200 per week for five years and ordered equitable distribution of the parties' marital property; defendant's counterclaim for divorce is dismissed and defendant is awarded maintenance in the amount of $200 per week in accordance with this Court's decision; and, as so modified, affirmed.