■ Michael Grosso, Respondent, v Jane Grosso, Appellant. [808 NYS2d 245]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Suffolk County (Bivona J.), dated September 9, 2003, as, upon deeming the action discontinued, denied as academic her cross motion for an award of child support, maintenance, an attorney's fee, and arrears of child support and maintenance which accrued pursuant to a pendente

lite order of the same court (Oliver, J.) dated January 11, 2002, and (2) from so much of an order of the same court dated February 6, 2004, as, upon granting reargument of those branches of her cross motion which were for an award of an attorney's fee and arrears of child support and maintenance, adhered to its original determination denying those branches of the cross motion.

Ordered that the appeal from the order dated September 9, 2003, is dismissed, without costs or disbursements, as that portion of the order dated September 9, 2003, which denied those branches of the cross motion which were for an award of an attorney's fee and arrears of child support and maintenance which accrued under the pendente lite order were superseded by the order dated February 6, 2004, made upon reargument, and that portion of the order dated September 9, 2003, which denied those branches of the defendants' cross motion which were for an award of child support and maintenance has been rendered academic; and it is further,

Ordered that the order dated February 6, 2004, is modified, on the law, by deleting the provision, which, upon reargument, adhered to so much of the original determination as denied that branch of the cross motion which was for an award of an attorney's fee; as so modified, the order dated February 6, 2004, is affirmed insofar as appealed from, without costs or disbursements, that portion of the order dated September 9, 2003, as denied that branch of the cross motion which was for an award of an attorney's fee is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of that branch of the defendant's cross motion which was for an award of an attorney's fee.

The parties were married on September 19, 1981, and have three children. On November 5, 1999, the plaintiff filed a summons with notice seeking a divorce and ancillary relief. The defendant filed a notice of appearance on January 3, 2000; however, no complaint was ever filed. The fact that a complaint was not filed was not raised by either party until March 17, 2003, when the plaintiff moved for an extension of time to file a complaint. The defendant opposed the motion, and cross-moved, inter alia, for an award of an attorney's fee for fees that she had incurred since the commencement of the action. On August 20, 2003, the plaintiff filed a notice of voluntary discontinuance, and by order dated September 9, 2003, the Supreme Court deemed the action discontinued and denied the motion and cross motion as academic.

Thereafter, the Supreme Court granted leave to reargue those

branches of the plaintiff's cross motion which were for an award of an attorney's fee and arrears of child support and maintenance which accrued under the pendente lite order, and adhered to its original determination. The court denied that branch of the cross motion which was for an award for arrears of child support and maintenance which accrued under the pendente lite order on the merits, and denied that branch of the cross motion which sought an award of an attorney's fee on the ground that it lacked jurisdiction to entertain the application in this now-discontinued action.

Contrary to the plaintiff's contention, the Supreme Court maintained jurisdiction to entertain, inter alia, that branch of the defendant's prior cross motion which was for an award of an attorney's fee, even though the action was subsequently voluntarily discontinued by the plaintiff (*see Jacob v Jacob,* 8 AD3d 725 [2004]; *Garver v Garver,* 253 AD2d 512 [1998]; *Mancinelli v Mancinelli,* 228 AD2d 747 [1996]; *Schildkraut v Schildkraut,* 223 AD2d 585 [1996]; *see generally* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]). Accordingly, we remit this matter to the Supreme Court, Suffolk County, for a determination on the merits of that branch of the defendant's cross motion which was for an award of an attorney's fee.

The defendant's remaining contentions are either without merit or have been rendered academic (*see Matter of Grosso v Grosso,* 24 AD3d 552 [2005] [decided herewith]). Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.