■ In the Matter of JANE GROSSO, Respondent, v MICHAEL GROSSO, Appellant. [807 NYS2d 300]—In a proceeding pursuant to Family Court Act article 4, the husband appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Dounias, J.), dated August 26, 2004, as (a) denied his objections to an order of the same court (Buse, S.M.) dated June 25, 2004, which, after a hearing, granted the wife's petition, inter alia, for child support and maintenance, and (b) sustained the wife's objection to so much of the order dated June 25, 2004, as imputed income to the wife in the sum of $60,000 per year.

Ordered that the order dated August 26, 2004, is affirmed insofar as appealed from, with costs.

The Support Magistrate's findings, which reflected a careful consideration of the parties' circumstances, sufficiently articulated the basis for her determination not to limit the application of the statutory formula of the Child Support Standards Act to the first $80,000 of the combined parental income, and to apply that formula to the total of the combined parental income (see Family Ct Act § 413 [1] [c]; Matter of Cassano v Cassano, 85 NY2d 649, 655 [1995]; Matter of Lo Macchio v Lo Macchio, 247 AD2d 539, 540 [1998]).

The Family Court properly sustained the wife's objection to so much of the Support Magistrate's order of June 25, 2004, as imputed income to her in the sum of $60,000 per year, since that determination had no basis in law or fact (see Gezelter v Shoshani, 283 AD2d 455, 456 [2001]; Petek v Petek, 239 AD2d 327 [1997]; Martusewicz v Martusewicz, 217 AD2d 926 [1995]).

The husband's remaining contentions are without merit. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.