■ CHRISTOPHER WANKER, Respondent, v MEGAN SAMITZ, Appellant. [889 NYS2d 705]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered June 12, 2008 in Ulster County, granting plaintiff a divorce, upon a decision of the court.

The parties commenced their relationship in 1987, when plaintiff was 28 years old and defendant was 15 years old. They were married in July 1998 and are the parents of one child (born in 1999). Plaintiff commenced this divorce action in March 2006. Following a bench trial in April 2008, Supreme Court granted plaintiff a divorce on the grounds of cruel and inhuman treatment and abandonment and denied defendant's request for maintenance, among other things. Defendant now appeals.

Supreme Court properly granted plaintiff a divorce based on cruel and inhuman treatment. The record established that throughout the marriage, defendant used heroin and other drugs, despite multiple incidents of overdose, at least one of which occurred in the presence of the parties' son, and she was admitted to several rehabilitation programs. Defendant was verbally and physically aggressive toward plaintiff whenever he attempted to confront her about her addiction or whenever he attempted to take the heroin away from her. Plaintiff became depressed over the situation, often crying and feeling physically sick, and sought counseling with a number of therapists. According deference to Supreme Court's credibility and factual determinations (*see Delliveneri v Delliveneri*, 274 AD2d 798, 798-799 [2000], *lv denied* 95 NY2d 767 [2000]), even assuming this to be a marriage of long duration necessitating a high degree of proof (*see Brady v Brady*, 64 NY2d 339, 344-345 [1985]), we find these facts sufficient to support a finding that defendant engaged in a course of conduct that endangered plaintiff's mental well-being such that it was improper for plaintiff to cohabit with defendant (*see* Domestic Relations Law § 170 [1]; *Holmes v Holmes*, 25 AD3d 931, 932-933 [2006]; *Blaise v Blaise*, 206 AD2d 715, 716 [1994]). Supreme Court erred, however, in granting plaintiff a divorce on the basis of abandonment because, at the time the complaint was filed, defendant had not been absent from the home for a period of one year or more, nor was there any evidence presented at trial that could

establish constructive abandonment (*see* Domestic Relations Law § 170 [2]; *Jacob v Jacob*, 8 AD3d 725, 727 [2004]). Accordingly, plaintiff's claim for divorce based on abandonment should have been dismissed.

Contrary to defendant's contention, Supreme Court did not err in denying her request for maintenance. While there was some general testimony at trial regarding plaintiff's financial situation, defendant did not present evidence of her own income, assets or her ability to be self-supporting. There is a similar lack of proof with respect to the other statutory factors (*see* Domestic Relations Law § 236 [B] [6]), which also "precludes this Court from exercising our factual review power to determine the maintenance issue" (*Shortis v Shortis*, 274 AD2d 880, 883 [2000]).

Defendant's remaining contentions, including her claims that Supreme Court abused its discretion by denying her request for an adjournment and that she is entitled to reimbursement for personal property items allegedly damaged by plaintiff, have been considered and found to be without merit.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted plaintiff a divorce on the ground of abandonment pursuant to Domestic Relations Law § 170 (2); said claim dismissed; and, as so modified, affirmed.