■ RICHARD P. BARNIER, Appellant, v. ELAINE BARNIER, Respondent. — In an action for divorce, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered October 19, 1972, which, *inter alia,* dismissed the complaint, upon a decision rendered at the close of plaintiff's case at a nonjury trial. Judgment reversed, on the law, without costs, and new trial granted. The appeal did not present questions of fact. Plaintiff and defendant were married on December 2, 1951. Three children were born of their union. The grounds of this action are abandonment and cruel and inhuman conduct (Domestic Relations Law, § 170, subds. [1], [2]). Plaintiff was the only witness at trial. On defendant's motion at the close of plaintiff's case the trial court dismissed the complaint stating: "No, I don't think that you have established a cause of action, not by the standards of Rios v. Rios [34 A D 2d 325, affd. 29 N Y 2d 840]. According to Rios v. Rios * * * to obtain a divorce on the grounds of cruel and inhuman treatment plaintiff must either establish a pattern of actual physical violence or of actual violence. The conduct must be such as seriously affects the health of the spouse and threatens to impair it and renders it unsafe to cohabit. * * * [The proof] does not conform with the standards. As far as the abandonment is concerned * * * We only have his [plaintiff's] statement, a very vague one, about his failure to have sexual relations with her [defendant], and his voluntarily leaving the house." In our opinion, *Rios v. Rios (supra)* is distinguishable on its facts; and the proof here was sufficient on both theories advanced at the trial. Accordingly, the judgment must be reversed and a new trial granted. In *Mante v. Mante* (34 A D 2d 134) we upheld the sufficiency of a complaint in an action for divorce for cruel and inhuman treatment which alleged that from the beginning of the marriage the defendant was cold and indifferent to the plaintiff, denied her sexual attention, was rigid and harsh to her and neglected and humiliated her. The proof adduced at the trial in the present case reached the level necessary under *Mante* to support the action. Plaintiff testified to a period of sexual denial prior to his leaving the marital residence. There was proof that defendant isolated him from family life and refused to perform her wifely duties. She also threatened to "break him" and "get rid" of him. Plaintiff testified that as a result of defendant's course of conduct he had sought and received medical care and treatment, could no longer properly perform in his work and had become, in essence, a nervous wreck. It is also plain that the trial court misconstrued *Rios v. Rios (supra)*. There it was said that (p. 326) "in order to obtain a separation on the ground of cruel and inhuman treatment, the plaintiff must either establish a pattern of actual physical violence or if actual violence is not involved, the conduct must be such as seriously affects the health of the spouse and threatens to impair it and renders it unsafe to cohabit".* (Cf. this language with the above-quoted language of the trial court in the present case.) In *Rios (supra,* p. 327) the court also pointed out that "Plaintiff failed to show that his

---

* Subdivision (1) of section 170 of the Domestic Relations Law reads, in part, "cruel and inhuman treatment * * * such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe *or improper* for the plaintiff to cohabit with the defendant." (See, also, *Mante v. Mante,* 34 A D 2d 134, 137, *supra,* n. 1.)

physical or mental condition was in any way affected by appellant's conduct." Such a failure of proof is not present here. (See, also, *Berlin* v. *Berlin*, 64 Misc 2d 352, 355–357, mod. on other grounds 36 A D 2d 763, mot. for leave to appeal dsmd. 28 N Y 2d 986; cf. *Rabinowitz* v. *Rabinowitz*, 66 Misc 2d 543.) Nor was the proof insufficient to support a divorce on the theory of abandonment by reason of defendant's refusal to engage in sexual intercourse (*Diemer* v. *Diemer*, 8 N Y 2d 206; *Mante* v. *Mante*, 34 A D 2d 134; 137, *supra*). There was proof that such refusal commenced and existed for some time before plaintiff's departure from the marital residence. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

