Gabrielli, J.
In this matrimonial action, plaintiff wife sued for divorce on grounds of "cruel and inhuman treatment” (Domestic Relations Law, § 170, subd [1]),* alleging that, within the four-year period of their marriage, her husband had beaten her twice by repeatedly striking her with his hands and causing bruises and black and blue marks on her face, head and body. The first alleged beating occurred just after the parties were married in 1970. Following the second beating in 1974, plaintiff obtained an order of protection from the Family Court at which time she was compelled to move out of the marital residence for fear of her life. Plaintiff testified that her husband frightened and harassed her and made her "very nervous” to the point of rendering her unable to work. At the conclusion of plaintiff’s case, the Trial Judge dismissed the complaint, holding that, as a matter of law, two beatings within a four-year period were insufficient grounds for a judgment of divorce. He noted that the wife might have grounds for divorce based upon "constructive abandonment” (Domestic Relations Law, § 170, subd [2]) but that the action would not accrue until a year of separation had elapsed. We conclude that the Trial Judge erred in dismissing the complaint as a matter of law.
This case involves more than a single act of violence resulting from momentary anger, "transient discord” or mere incompatibility (see Johnson v Johnson, 43 AD2d 842, affd 36 NY2d 667; Rios v Rios, 34 AD2d 325, affd 29 NY2d 840; Hessen v Hessen, 33 NY2d 406, 410-411; Single Act as Basis of Divorce or Separation on Grounds of Cruelty, Ann., 7 ALR3d 761). Rather, there is testimony as to two fierce beatings within the brief four-year period of this marriage (cf. Hessen v *264 Hessen, supra, pp 411-412), the last of such severity that the Family Court-deemed it necessary to grant the wife an order of protection. Even one beating constitutes more than a single act of violence when it is composed of repeated and prolonged acts of physical abuse. Despite his dismissal of the complaint, the Trial Judge found that the wife "had to flee the [marital] premises for her life and obtain an order of protection.” As we noted in Hessen v Hessen (supra, p 411), "[objective proof of physical or mental injury to the complainant spouse would certainly be a decisive basis for granting the divorce”. The plaintiff in this case has made out a prima facie case that it would be "unsafe or improper” for her to cohabit with defendant (Johnson v Johnson, supra; Hessen v Hessen, supra, pp 409-410; Barnier v Barnier, 43 AD2d 568). She testified that she was frightened and harassed by defendant who made her "too nervous to work”, thus raising the issue of harm to her mental as well as physical well being (see Johnson v Johnson, supra).
As noted in the dissenting opinion at the Appellate Division, it would serve no purpose to require plaintiff to delay her action for divorce until the statutory period for "constructive abandonment” had elapsed (Domestic Relations Law, § 170, subd [2]), as suggested by the Trial Judge. It would be pointless to allow this obviously defunct marriage to be needlessly prolonged in light of the evidence of physical abuse and its effect on the physical and mental well being of the plaintiff (see 1 Foster & Freed, Law and the Family, § 6:11, p 296).
Accordingly, the order of the Appellate Division should be reversed and the matter remitted for a new trial.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, without costs, and a new trial granted.

 Subdivision (1) of section 170 of the Domestic Relations Law provides that an action for divorce may be maintained on the ground of "[t]he cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant.”