■ JOHN A. BUNCE, Appellant, v SHEILA BUNCE, Respondent.—Appeal (1) from an order of the Supreme Court at Trial Term, entered May 29, 1979 in Albany County, which granted defendant's motion for a directed verdict and dismissed the complaint, and (2) from the judgment entered thereon, entered June 6, 1979 in Albany County. This is an action between a couple married in 1956, wherein the plaintiff husband seeks a divorce on the ground of cruel and inhuman treatment (Domestic Relations Law, § 170, subd [1]). At the close of the evidence, defendant renewed her motion for a directed verdict, originally made after plaintiff had rested, on the ground that plaintiff had failed to raise any issues of fact entitling him to relief and that the complaint should be dismissed as a matter of law. Trial Term granted the motion and this appeal ensued. Plaintiff has accused the defendant of subjecting him to incessant and violent verbal attacks, falsely accusing him of marital wrongdoing, physically attacking him, refusing to have sexual relations with him for the past 15 years, and failing to cook and keep a neat house. Accepting the truth of these allegations, as we must in deciding whether defendant is entitled to judgment as a matter of law, they are insufficient to establish cruel and inhuman treatment under subdivision (1) of section 170 of the Domestic Relations Law. It is well settled that a high degree of proof is required to terminate a marriage of long duration on that ground *(Denny v Denny,* 65 AD2d 658, affd 48 NY2d 915; *Anderson v Anderson,* 58 AD2d 679). Trial Term, aware that defendant was in her midforties and had never worked, properly considered the effect on her right to support which would result if a divorce were granted against her on a fault

ground *(Hessen v Hessen,* 33 NY2d 406; *Denny v Denny, supra).* Also, plaintiff should not be permitted to unilaterally terminate a marriage on the basis of a sexless relationship when he has, in effect, consented to such a relationship for a long period of time *(Hammer v Hammer,* 41 AD2d 831, affd 34 NY2d 545). Therefore, since the trial court correctly concluded that plaintiff failed to establish conduct by defendant which would render it unsafe or improper for the parties to cohabit, the order and judgment of Trial Term dismissing plaintiff's complaint should be affirmed. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Staley, Jr., Casey and Herlihy, JJ., concur.