■ JOSEPHINE CATAUDELLA, Appellant, v VINCENT CATAUDELLA, Respondent.—In a matrimonial action, the plaintiff wife appeals from a judgment of the Supreme Court, Kings County, dated June 4, 1979, which, *inter alia,* granted the defendant husband (1) a divorce on the grounds of cruel and inhuman treatment, and (2) related relief. Judgment modified, on the law

and the facts, by increasing the amount of child support to $50 per week for each child and by adding thereto a provision that the plaintiff's cause of action for a divorce is amended to one for a separation and that her cause of action for that relief is dismissed. As so modified, judgment affirmed, without costs or disbursements. At the outset of this action the wife's complaint demanded a divorce on the grounds of cruel and inhuman conduct and the husband counterclaimed for the same relief on the grounds of abandonment and cruelty. When the trial began, the wife amended her complaint to request a separation rather than a divorce, but when the trial concluded, Special Term granted the husband a divorce, denied alimony to the wife, awarded her custody of the two children plus child support of $40 weekly for each child, and made various other ancillary provisions. Although the wife's notice of appeal purports to place in issue each and every portion of the judgment appealed from, her brief raises only the issue of the divorce granted to the husband and, peripherally, the amount of support. We are constrained to affirm the judgment granting a divorce to the husband, even though it is apparent from the record that the wife also would have been entitled to a divorce had she not withdrawn her request for that relief. Since the dissolution issue ultimately turned on credibility, we are not in a position to substitute our views for those of the Trial Justice who saw and heard the litigants. In this respect, the plaintiff's failure to call members of her family as witnesses to describe the December 24, 1978 occurrence involving disputed assault claims between the wife's family and the husband, militates against her version of the event (see *Noce v Kaufman,* 2 NY2d 347). Since Special Term was satisfied that the wife had abused her husband by scratching and kicking him, throwing dishes at him and often abusing him vocally in public, sufficient basis for a divorce decree in his favor existed. We believe, however, that the child support award should be increased to $50 weekly for each child in view of the husband's gross earnings of approximately $21,000 per annum and the wife's limited earning capacity. Finally, the judgment itself should be amended to show that the wife's complaint for a divorce was converted to a separation action which was rendered moot and dismissed in view of the relief granted the husband. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.