■ ELIZABETH L. SCHENK, Appellant, v REINHOLD SCHENK, Respondent. — Judgment unanimously modified and, as modified, affirmed, with costs to plaintiff, and matter remitted to Trial Term for further proceedings, in accordance with the following memorandum: In this divorce action commenced in December of 1979, the Trial Justice granted a judgment against both parties upon the ground of cruel and inhuman treatment. We hold that the Trial Justice improvidently exercised his discretion in granting a judgment of divorce against the plaintiff wife. The Trial Justice concluded that the wife had committed acts of cruel and inhuman treatment toward the husband based upon his findings that there was a total lack of communication between the parties, there were arguments over many matters, there was name calling, and both parties had effectively abandoned each other on occasions by moving from the bedroom and denying each other marital relations. It appears from the testimony that the action of the wife, in denying the husband marital relations, was provoked by the husband. The wife did not move out of the marital bedroom until after the husband, by his own admission, had made it clear to her, over a period of years, that their relationship had come to an end and that he wanted a divorce. At the time of the trial the parties had been married 29 years and had raised four children. The wife was 49 years of age and had no formal job training, although during the marriage she had worked mostly part time, as a teacher's aide. After this action was started, she began working full time at a gross salary of $177 per week. The husband's gross salary is $450 per week. The effect of the judgment against the wife is to deny her the right to alimony and exclusive occupancy of the marital residence. Considering the duration of the marriage, the disparity in the earning capacities of the parties, and the consequences of the judgment of divorce against the wife, the proof against the wife is insufficient to support a finding that she had committed acts of cruel and inhuman treatment (*Hessen v Hessen,* 33 NY2d 406; *Denny v Denny,* 65 AD2d 658, affd 48 NY2d 915). The judgment is modified by deleting the part that grants a divorce in favor of the defendant husband against the plaintiff wife and the matter is remitted to the trial court for further proceedings upon the plaintiff's request for alimony and exclusive possession of the marital residence. (Appeal from judgment of Supreme Court, Monroe County, Contiguglia, J. — divorce.) Present — Dillon, P. J., Denman, Boomer, Moule and Schnepp, JJ.