■ WILLIAM J. MCCLUSKY, Appellant, v JOAN A. MCCLUSKY, Respondent. — Judgment unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Plaintiff, the former husband, appeals from so much of a decree granting divorce to defendant as awards her $115 per week alimony and provides that "as each child becomes 21 years of age or is sooner emancipated, that portion of the child support shall terminate and that payment shall be added to and paid to the defendant as alimony." The court awarded $30 per week support for each of the parties' six children. We do not agree with plaintiff that defendant is automatically precluded from receiving alimony because she is working; the ability to be self-supporting is one of many factors to be considered by the court in awarding alimony (see *Hickland v Hickland,* 39 NY2d 1, 6, cert den 429 US 941; *Kover v Kover,* 29 NY2d 408). We do agree that Trial Term erred in directing that the alimony award increase by $30 per week every time a child is emancipated. This provision constitutes a series of *in futuro* increases in alimony not based on changed circumstances (see *Bailey v Bailey,* 34 AD2d 984; cf. *Tumolillo v Tumolillo,* 71 AD2d 625, affd 51 NY2d 790; *Provenzano v Provenzano,* 71 AD2d 618; *Roscini v Roscini,* 41 AD2d 895). We therefore reverse so much of the judgment as provides for the incremental increases in alimony. Inasmuch as we cannot determine from the record whether, but for this invalid provision, the court would have made a different alimony award, in the exercise of our discretion we vacate the alimony award and remit the matter to Trial Term for a redetermination of the alimony award upon this record and whatever additional proof the court in its discretion may require. (Appeal from judgment of Supreme Court, Onondaga County, Roy, J. — divorce.) Present — Dillon, P. J., Simons, Hancock, Jr., Callahan and Doerr, JJ.