■ JAMES PASSANTINO, Respondent, v THERESA PASSANTINO, Appellant. — Judgment unanimously modified and, as modified, affirmed, with costs to defendant, in accordance with the following memorandum: The parties had been married 28 years at the time the action was commenced in September, 1979. Plaintiff testified that between 1974 and 1977 defendant on several occasions threw dishes at him and struck him or pulled his hair and in 1978 cut up and destroyed some of his clothing. He also asserted that for a period of 10 years defendant had denied him sexual privileges which he claimed caused "a big strain on my mind", admitting however that a diabetic condition and his own intoxication at times made him unable to perform sexually. Based upon the foregoing, the court awarded plaintiff a divorce on the grounds of cruel and inhuman treatment. A similar decree was awarded to defendant based upon substantial and admitted proof of plaintiff's dalliances with other women. Defendant's response to plaintiff's allegations of wrongdoing was that the conduct complained of was precipitated by plaintiff's disclosures to her of his relationships with other women and that her refusal of sexual relationship occurred when she believed he had been out with other women. She admitted cutting up some of plaintiff's clothing, believing they were gifts from one of his girlfriends, a contention not totally unsupported in the record. It was error to grant plaintiff a divorce based upon the proof presented at trial. Since the refusal of defendant to have sexual relations with plaintiff was based upon his own misconduct, it will not support his action for divorce against her (*De Angelis v De Angelis,* 54 AD2d 1088). Similarly, conduct of defendant which the court characterized as "acts of violence" was improperly relied upon in granting the divorce against her. "If provocation by the plaintiff has incited the defendant's acts, the acts, though wrong, may be excused, and the action for a divorce dismissed" (*Mante v Mante,* 34 AD2d 134, 140). The facts adduced

at trial fully support defendant's claim of provocation, in addition to which they fail to support plaintiff's contention that defendant's conduct endangered his physical or mental well-being and rendered it unsafe or improper to cohabit with defendant. To constitute cruel and inhuman treatment, conduct must be something more than "mere incompatibility, and that serious misconduct [must] be distinguished from trivial" (*Hessen v Hessen,* 33 NY2d 406, 410). Furthermore, a greater degree of proof is required in marriages of long duration, especially where a divorce against the wife would preclude her from obtaining alimony (*Hessen v Hessen, supra; Bunce v Bunce,* 74 AD2d 711; *Anderson v Anderson,* 58 AD2d 679). Plaintiff has failed to meet this burden. The judgment is modified by deleting therefrom that part which grants a divorce in favor of plaintiff and the matter is remitted to the trial court for further proceedings on the issues of alimony and possession of the marital residence. (Appeal from judgment of Supreme Court, Monroe County, Corning, J. — divorce.) Present — Dillon, P. J., Simons, Hancock, Jr., Callahan and Doerr, JJ.