■ LEAH BULGER, Appellant, v GEORGE F. BULGER, Respondent. — In an action for divorce, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Stolarik, J.), entered October 7, 1981, which dismissed the complaint, upon the trial court's dismissal of the action at the close of

plaintiff's case, at a nonjury trial. Judgment reversed, on the law, without costs or disbursements, and new trial granted. At the nonjury trial, plaintiff testified that defendant would verbally abuse her and would react violently when he became angry. She claimed that defendant has "thrown plates or scrambled eggs, [has] bent forks and thrown them at [her, has] taken his brush and flung it [and has] put his fist through walls." On one occasion, defendant grabbed plaintiff's arm and squeezed it, and locked plaintiff in the bedroom with him. Plaintiff testified that this experience "scared [her] to death." Plaintiff further testified that owing to defendant's abuse, and her fear of him, she was forced to seek psychiatric treatment. At the conclusion of plaintiff's case, Special Term noted that the scenario attested to by plaintiff was "not a good situation" for the parties or their children, but held that "the proof of [defendant's] acts was insufficient to show that they endangered [plaintiff's] physical and mental well-being so as to make it unsafe and improper for her to cohabit with the defendant." Accordingly, Special Term dismissed the complaint. We disagree. To establish a cause of action for divorce on the ground of cruel and inhuman treatment, plaintiff must establish "that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (see Domestic Relations Law, § 170, subd [1]). Plaintiff need not establish actual physical injury at the hands of defendant or a specific number of instances of physical abuse (see Echevarria v Echevarria, 40 NY2d 262). A pattern of conduct which includes verbal abuse and physical harassment is sufficient (see Echevarria v Echevarria, supra; Cataudella v Cataudella, 74 AD2d 893). Plaintiff's testimony that defendant verbally abused her, in public and in private, and habitually engaged in violent temper tantrums directed at plaintiff, which put her in fear and caused her to seek psychiatric treatment, was sufficient to make out a cause of action for divorce on the ground of cruel and inhuman treatment. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.