■ Tireth S. Sandhu, Respondent, v Manmohan Sandhu, Appellant. — In a divorce action, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Rohl, J.), entered

September 29, 1982, as, after a nonjury trial, (1) granted the plaintiff husband a divorce on the ground of cruel and inhuman treatment; (2) dismissed the defendant wife's cause of action for divorce; (3) awarded the husband custody of the three infant children of the marriage; and (4) awarded the husband exclusive occupancy of the marital residence. Judgment affirmed, insofar as appealed from, without costs or disbursements. After considering the conflicting evidence adduced by the parties, Special Term determined that the plaintiff husband had established his cause of action for divorce and that the defendant wife had failed to establish her counterclaim for the same relief. The issue of whether to grant a divorce and, if so, whether it should be granted to plaintiff or defendant, or to both of them, ultimately turned on the credibility of the parties and their witnesses. In *Boyd v Boyd* (252 NY 422, 429) the Court of Appeals wrote: "Face to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded. In doubtful cases the exercise of his power of observation often proves the most accurate method of ascertaining the truth * * * The judge heard the sound of his voice and gazed upon his countenance and tells us that he believes the witness spoke the truth * * * How can we say the judge is wrong? We never saw the witnesses * * * To the sophistication and sagacity of the trial judge the law confides the duty of appraisal. If these witnesses imposed upon the credulity of an experienced fact finder, this court cannot correct him. His was the opportunity, the responsibility, and the power to decide." (See, also, *Berman v Weinstein,* 64 AD2d 940.) While we respect the compassionate view espoused by our learned dissenting brother, the record before us clearly reveals evidence, which if believed, is sufficient to establish a cause of action for divorce in favor of the plaintiff on the ground of cruel and inhuman treatment. Conversely, in light of Special Term's disbelief of the defendant wife's testimony it can hardly be said that Special Term erred when it dismissed her cause of action for divorce. We also find no basis for disturbing Special Term's finding with respect to custody and exclusive occupancy of the marital home. Gibbons, J. P., Bracken and Niehoff, JJ., concur.

Weinstein, J., dissents in part and concurs in part, with the following memorandum: In my view, the evidence adduced in support of plaintiff husband's application was insufficient to have warranted the entry of a divorce judgment in his favor. Notwithstanding the established principle that an appellate court should not substitute its views for those of the Trial Justice who saw and heard the litigants (*Cataudella v Cataudella,* 74 AD2d 893), the court in this instance failed to accord sufficient weight to the consequences which the divorce judgment would have upon defendant wife. Due to her own misconduct, she would be deprived of her right to support (Domestic Relations Law, former § 236). To establish a cause of action for divorce on the basis of cruel and inhuman treatment, it is incumbent upon a plaintiff to establish "that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law, § 170, subd [1]). It is not essential to prove actual physical abuse. A pattern of conduct which includes verbal abuse and physical harassment is sufficient to establish a cause of action for divorce on the ground of cruel and inhuman treatment (*Bulger v Bulger,* 88 AD2d 895). It is well settled that a greater degree of proof is required in marriages of long duration, especially where a divorce against the wife would serve to preclude her from obtaining alimony (*Hessen v Hessen,* 33 NY2d 406; *Passantino v Passantino,* 87 AD2d 973; *Schenk v Schenk,* 86 AD2d 983; *Bunce v Bunce,* 74 AD2d 711; *Anderson v Anderson,* 58 AD2d 679). Examination of the record with these requirements in mind makes it evident

that the testimony is insufficient to justify the granting of a divorce against the defendant wife. The litigants at bar were married in India on June 3, 1967. There are three infant issue of the marriage. The husband is almost 46 years of age and is a veterinarian employed by Cornell University. The wife is 38 years old and is neither self-supporting nor gainfully employed. Other than selling Avon products, she was not employed during the course of the parties' marriage. Although she received some education in India, she lacks any formal job training. A fair view of the record reveals that the incidents of harassment, ridicule and insult allegedly suffered by the husband were explainable in part by acts of himself or his mother which demonstrated a callous disregard of and little or no respect for the wife. Under the circumstances, the alleged acts of misconduct on the wife's part are to a degree excusable under the doctrine of provocation (see *Passantino v Passantino, supra; Anderson v Anderson, supra*). Considering the 15-year duration of the marriage, the disparity in the earning capacities of the parties, the consequences of a judgment of divorce upon the wife and the doctrine of provocation, the proof adduced at trial was insufficient to support a finding that her conduct endangered the husband's physical or mental well-being and rendered it unsafe or improper to cohabit with her. The trial court improvidently exercised its discretion in granting a divorce in favor of the husband. The wife, on the other hand, has presented sufficient evidence to entitle her to a judgment of divorce on the ground of cruel and inhuman treatment. The record is replete with instances of physical assaults upon her by the husband as well as episodes of verbal abuse. She presented evidence of a large bruise on her right thigh which allegedly was a result of one of the husband's assaults. She was required to visit a hospital emergency room on one occasion for medical attention. Moreover, the wife testified that she had never struck her husband and that he was a big man. My view of the record supports a conclusion that the husband's conduct so endangered his wife's physical and mental well-being as to render it unsafe for her to cohabit with him. Accordingly, I vote to modify the judgment appealed from by deleting the provision awarding a judgment of divorce to the husband and, instead, granting the wife's counterclaim for a divorce on the ground of the husband's cruel and inhuman treatment and to remit the matter to the trial court for further proceedings with respect to the wife's entitlement to alimony. As respects the custody of the parties' three minor issue, I see no reason to disturb the trial court's decision in favor of the husband. While custody is ordinarily awarded to the innocent rather than the guilty party in a divorce action, the best interests of the child criterion permits the court to award custody to the losing party (2 Foster-Freed, Law and the Family, § 29:8, p 516). Based upon the recommendation of the psychiatric social worker to whom defendant had been referred for "family therapy", the court's *in camera* interview with the Sandhu children and the expressed preference of the three children to reside with their father, the court properly awarded custody to the husband in this case with liberal visitation rights for the wife.