■ Barbara A. Jacob, Respondent, v John C. Jacob, Appellant. — In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, (1) from so much of a judgment of the Supreme Court, Westchester County (Wood, J.), dated July 12, 1982, as (a) awarded the plaintiff wife a divorce on the ground of cruel and inhuman treatment, (b) awarded the plaintiff a distributive share of 90% of the value of the parties' equity in the marital premises and 90% of the net proceeds of the sale of household furnishings, (c) ordered him to pay plaintiff $50 per week per child for the support of the parties' three children and $25 per week for the maintenance of the plaintiff and (d) failed to grant his request for an award of maintenance and counsel fees, and (2) from the same portions of a resettled judgment of the said court, dated November 1, 1982, which recited additional findings of fact made by the court that had been omitted from the prior judgment. Appeal from the judgment dated July 12, 1982 dismissed, without costs or disbursements. Said judgment was superseded by the resettled judgment dated November 1, 1982. Resettled judgment, dated November 1, 1982, modified, on the facts, by reducing the amount awarded for child support in the fourth decretal paragraph thereof from $50 per child to $25 per child per week and by deleting therefrom the provisions awarding the sum of $25 per week as maintenance for the plaintiff. As so modified, resettled judgment affirmed, insofar as appealed from, without costs or disbursements. The court may award child support even if neither party has applied for such support and notwithstanding any agreement between them (Domestic Relations Law, § 240). Therefore, the court's award of child support was proper, even though plaintiff withdrew her request for child support at the end of the trial (*Moat v Moat*, 27 AD2d 895). The amount awarded for child support was excessive in

light of the circumstances. Defendant was unemployed at the time of the trial and had been for several months prior thereto. Plaintiff was employed as a registered nurse, earning $14,860 per year. She also has assets valued at about $250,000 which produce income of about $1,000 per month. An award of $25 per child per week appears to be sufficient. The court may direct maintenance payments to meet the reasonable needs of a party in such amount as justice requires having regard for the circumstances of the case and of the parties (Domestic Relations Law, § 236, part B, subd 6). The statute provides factors for the court to consider and further provides that the court shall set forth the factors it considered and the reasons for its decision (Domestic Relations Law, § 236, part B, subd 6, par b). The court did not state why it awarded plaintiff $25 per week in maintenance. Defendant contends that the award was punitive (the record indicates that defendant was a compulsive gambler), while plaintiff asserts that the award was made to reimburse her for defendant's wasteful dissipation of marital assets. Because plaintiff's financial circumstances are much better than those of defendant and her future, with regard to employment, is much more secure than that of defendant, the award of maintenance was inappropriate. We have considered the other contentions of defendant and find them to be without merit. Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.