■ EILEEN SCHUSSLER, Respondent-Appellant, v GEORGE SCHUSSLER, Appellant-Respondent. — In a matrimonial action for divorce and ancillary relief, (1) the defendant husband appeals from an order of the Supreme Court, Nassau County (Di Paola, J.), dated December 19, 1983, which denied his motion, *inter alia,* for a change in custody pendente lite of Benjamin Schussler, the infant son of the parties, to him; (2) the defendant further appeals from an order of the same court, dated February 29, 1984, which denied his posttrial motion to, in effect, set aside a decision of the court awarding custody of Benjamin to the plaintiff wife; and (3) the defendant further appeals and the plaintiff cross-appeals from stated portions of a judgment of the same court, entered April 10, 1984, which, *inter alia,* awarded the plaintiff a divorce on the ground of the defendant's cruel and inhuman treatment of her, dismissed the defendant's counterclaims for a divorce on the ground of cruel and inhuman treatment and for a separation based upon abandonment, awarded custody of the parties' son Benjamin to the wife and custody of the parties' daughter Miriam to the husband, made awards of child support and permanent maintenance, made a distribution of marital property, and directed the husband to provide life insurance and health insurance for the wife.

Appeals from the orders dated December 19, 1983 and February 29, 1984 dismissed (*see, Matter of Aho,* 39 NY2d 241, 248), without costs or disbursements.

Judgment modified, on the facts, by deleting the fourteenth decretal paragraph thereof and substituting therefor a provision granting plaintiff a distributive award in the principal sum of $42,178.27 payable in 96 monthly installments of the principal sum of $439.35 plus interest pursuant to CPLR 5004 computed from April 10, 1984, or, if defendant chooses to pay off the distributive award in a shorter period of time, until such time as the $42,178.27 plus interest pursuant to CPLR 5004 from April 10, 1984 has been paid to plaintiff. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for entry of an appropriate amended judgment. The first installment shall be paid within 30 days after entry of the appropriate amended judgment. Each of the 95 remaining installments shall be paid on the first day of each successive month.

Our review of the record reveals a sound and substantial basis for the trial court's determination that defendant's verbal and psychological abuse and physical harassment so endangered plaintiff's well-being as to render it unsafe and improper for her to cohabit with defendant, and that any alleged misconduct on plaintiff's part was provoked by defendant. Accordingly, the trial court properly granted plaintiff a judgment of divorce based upon defendant's cruel and inhuman treatment of her and dismissed defendant's counterclaim in this regard (*see,* Domestic Relations Law § 170 [1]; *Sandhu v Sandhu,* 95 AD2d 800; *Bulger v Bulger,* 88 AD2d 895).

The record further establishes that although both parties have interfered with the other's visitation rights and have attempted to manipulate the children to a certain degree, they are both fit, concerned and loving parents. Moreover, it is evident that Benjamin, who has been in his mother's sole custody since January 1981, and Miriam, who has been in her father's sole custody since August 1981, are thriving in their current situations and are exceptionally well-adjusted. Miriam, whom the court found to be mature and intelligent beyond her 11 years, stated a clear preference for remaining with her father. Although the courts are often reluctant to separate siblings, under the instant circumstances, continuation of the present custodial arrangement will serve the best interests of the children (*see,* Domestic Relations Law § 240; *Eschbach v Eschbach,* 56 NY2d 167).

In determining the amount of the distributive award to be granted to plaintiff, the court correctly evaluated the assets at

$233,588.06 as of the date of the commencement of the action (*see, Rywak v Rywak,* 100 AD2d 542). Plaintiff clearly is entitled to 50% of the marital assets, including defendant's vested pension benefits, in light of their 17½-year marriage during which time plaintiff was the homemaker and bore the major responsibility for raising six children (*see, Brundage v Brundage,* 100 AD2d 887). Nonetheless, defendant's current financial statement indicates that he cannot make the lump-sum distributive award of $42,178.27 (including plaintiff's equitable share of the pension fund), as directed by the court, without liquidating all his assets. Therefore, defendant shall make monthly payments to plaintiff in the principal sum of $439.35 for a period of eight years (96 months), or until such time as the full amount of the distributive award, plus interest pursuant to CPLR 5004 from the date judgment was entered, has been paid to plaintiff. This manner of payment of the distributive award will prevent continued strife and uncertainty between the parties (*see, Majauskas v Majauskas,* 61 NY2d 481; *Damiano v Damiano,* 94 AD2d 132; *see also, Bisca v Bisca,* 108 AD2d 773).

The award of maintenance to plaintiff in the sum of $300 per week for a period of eight years, plus arrears, is not excessive in light of the lengthy marriage, the parties' preseparation standard of living, defendant's secure financial position, plaintiff's long absence from the work force and her limited ability to be self-supporting. Nor did the court abuse its discretion in directing defendant to name plaintiff as beneficiary on a policy insuring his life for as long as he has financial obligations to plaintiff. This directive will protect plaintiff's continuing interest in receiving support for herself and Benjamin in the event of defendant's death. Moreover, the court's decree that defendant provide medical insurance for plaintiff is a proper exercise of discretion. This measure will serve to conserve plaintiff's limited assets in the event that she becomes ill. Should plaintiff obtain full-time employment where she is able to obtain medical insurance at minimal costs, defendant may seek to modify this provision. We note that, contrary to defendant's protestations, his financial affidavit demonstrates that he can well afford to comply with these provisions.

Similarly, the award of child support in the sum of $150 per week, plus arrears, was properly made after consideration of all the pertinent factors. Plaintiff's assets are insufficient to meet Benjamin's reasonable needs, and defendant is financially able to so provide for his son.

Finally, we address defendant's contention that the award of counsel fees to plaintiff's attorney should be deducted from the

marital assets. The record establishes that, after plaintiff commenced this action in Nassau County, defendant brought several proceedings in New York County, and took an appeal to the Appellate Division, First Department, seeking to modify the temporary custody award. He brought two posttrial motions, also seeking, *inter alia,* to alter the custody arrangement, and took appeals from the denial of those motions. The trial of this action lasted 11 days, largely due to defendant's placing six expert witnesses on the stand to counter the testimony of plaintiff's one expert witness. Defendant has engaged in unnecessary and protracted litigation in an apparent attempt to exhaust plaintiff emotionally and financially. Under these circumstances, the award of counsel fees should not be deducted from the total value of the marital assets, but is deemed defendant's separate liability, payable from his separate property.

We have reviewed defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.