■ SANDRA GRIFFIN, Respondent, v JOHN W. GRIFFIN, Appellant.—In an action for divorce, equitable distribution, and other ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Walsh, J.), dated November 7, 1984, which, after a nonjury trial, *inter alia,* (1) awarded sole title, use and occupancy of the marital home to the plaintiff wife along with title and possession of the furnishing and personalty contained therein, (2) awarded plaintiff a net distributive award of $15,272.10, (3) ordered defendant to pay $200 per week for maintenance and $100 per week for child support, and (4) awarded to plaintiff's attorney counsel fees in the sum of $15,756.

Judgment modified, on the facts, by deleting therefrom the fourth decretal paragraph which set the amount of the net distributive award to which plaintiff was entitled at $15,272.10. As so modified, judgment affirmed insofar as appealed from, with costs to plaintiff, and matter remitted to the Supreme Court, Westchester County, for recomputation of the net distributive award in accordance herewith.

In 1981, plaintiff obtained a judgment of divorce against

defendant on the ground of cruel and inhuman treatment. Said judgment referred all ancillary issues back to the trial court. In March 1984, a trial was conducted with regard to the issues of equitable distribution, child support, maintenance, counsel fees, and the reason for and extent of defendant's claimed unemployment since July 14, 1982. The results of the trial form the basis for the current appeal.

On the basis of the evidence adduced, we find unpersuasive defendant's contention that the trial court erred in determining that each party was entitled to 50% of the value of the marital assets. The court's determination that the plaintiff was entitled to a 50% share in defendant's independent insurance brokerage business was amply supported by the record, which illustrated that plaintiff had made substantial direct and indirect contributions to the business *(see,* Domestic Relations Law § 236 [B] [5] [d] [6]). Indeed, in addition to her services as a spouse, parent and homemaker, plaintiff was also partially instrumental in the procuring of approximately 90% of defendant's business clients.

Moreover, the overwhelming evidence suggesting that defendant's claimed unemployment and poverty was contrived provided an ample basis for the court's determination that defendant was guilty of economic fault *(see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941), which is clearly a factor that may be considered in fixing the equitable distribution award *(see, Blickstein v Blickstein,* 99 AD2d 287, *appeal dismissed* 62 NY2d 802).

Furthermore, there was no error in the court's assignment of a $20,000 value to plaintiff's share of the business. Since no evidence was presented to establish the net worth of defendant's business, the court could properly substitute defendant's annual earnings of $40,000 for the net worth figure *(see, Matter of Ward v Ward,* 94 AD2d 908; *Nehorayoff v Nehorayoff,* 108 Misc 2d 311). Moreover, the court's valuation of the residence at $200,000 was also correct in light of the testimony by defendant's witness that comparable homes in the same geographic area had been sold during the year immediately preceding the trial for between $200,000 and $210,000. The issue of the valuation of the household furnishings was essentially one of credibility for the trier of fact, and we discern no error in the court's crediting of plaintiff's testimony as to their value *(cf. Cataudella v Cataudella,* 74 AD2d 893).

Further, the court's finding that the plaintiff, as custodial parent, should have exclusive title and possession of the

marital residence and its household effects was proper *(see,* Domestic Relations Law § 236 [B] [5] [d] [3]). We further find no error in the court's determination that defendant should incur a maintenance obligation of $200 per week for a two-year period as well as a $100 per week child support obligation. These figures were proper in view of the trial court's finding, supported by the record, that plaintiff had only minimal income while defendant had annually earned at least $40,000 with an even greater future earning potential *(see,* Domestic Relations Law § 236 [B] [6], [7]; *cf. Sementilli v Sementilli,* 102 AD2d 78). Likewise, the award of counsel fees on plaintiff's behalf was proper in that the record clearly demonstrated her inability to pay them herself *(see, Palmer v Palmer,* 76 AD2d 905).

While we deem Special Term's judgment with regard to equitable distribution, support, maintenance and counsel fees to have been correct, we perceive several mistakes in the computation of plaintiff's net distributive award. The first of these errors involved deducting from the value of the marital residence (i.e., $200,000) the two outstanding mortgages of $65,000, representing the first mortgage, and $28,670.40, representing a second mortgage held by plaintiff's father. After deducting the mortgage indebtedness, the court found the net equity subject to distribution to be $106,670.40, rather than $106,329.60, the correct figure. Each party's half interest in the home was therefore $53,164.80, as opposed to $53,335.20 which the court computed.

Secondly, it appears that Special Term may have improperly calculated the support arrears owed by defendant by adding together the amounts set forth in three separate orders which fixed arrears at $5,479.87, $9,505.75 and $30,244.18, respectively. Although it is not perfectly clear from the record, there is some indication that the $9,505.75 figure designated in the October 1, 1981 wage deduction order as the "total arrears" owed by defendant for maintenance and support may have incorporated the sum of $5,479.87 set forth in an order dated July 15, 1981, representing arrears for the period covering February 20, through June 8, 1981. Thus, the sum of $5,479.87 appears to have been assessed twice against defendant.

Furthermore, the court failed to credit defendant with the amount he allegedly paid toward the reduction of arrears pursuant to the wage deduction order of October 1, 1981. Although plaintiff does not dispute the allegation that a sum of money was paid by this means, there is no indication in the

record of whether the alleged sum of $4,000 was in fact paid. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination of what, if any, amount was actually paid pursuant to the wage deduction order.

After recomputing the total amount of arrears, the Supreme Court is to subtract that amount from the value of defendant's 50% share in the marital residence ($53,164.80). Since plaintiff was awarded the marital residence, defendant is entitled to a credit against plaintiff's distributive award for the balance of his 50% share of the residence after the deduction of his arrears.

We do not disturb the finding that plaintiff is entitled to a gross distributive award of $30,250. From that sum, deductions are to be made for defendant's interest in household furnishings and rental income ($6,872.50) as well as the balance of defendant's interest in the marital residence remaining after the deduction of support arrears. The amount remaining after these deductions constitutes plaintiff's net distributive award.

Accordingly, the matter is remitted to the Supreme Court, Westchester County, for recomputation of plaintiff's net distributive award in accordance herewith. Lazer, J. P., Weinstein, Niehoff and Kunzeman, JJ., concur.