■ DOLORES BARTAL, Respondent, v STEVEN BARTAL, Appellant.—In a matrimonial action, the defendant husband appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated May 18, 1984, which granted the plaintiff wife a divorce based upon cruel and inhuman treatment, and ancillary relief.

Judgment modified, on the law and the facts, by decreasing the amount of costs and disbursements awarded by $643.98, from $1,853.98 to $1,210. As so modified, judgment affirmed, with costs to the plaintiff.

During the year 1982, the defendant frequently came home at night intoxicated and frequently absented himself from the marital home on weekends. As a result, the plaintiff became severely depressed and in December 1982, she entered a psychiatric ward of a hospital for treatment. The plaintiff thereby established that the defendant's conduct endangered her mental health and that it was "unsafe" for her to con-

tinue cohabiting with the defendant. It was, therefore, a proper exercise of the trial court's broad discretion for it to grant the plaintiff a divorce on the ground of cruel and inhuman treatment pursuant to Domestic Relations Law § 170 (1) (see, *Bulger v Bulger,* 88 AD2d 895; *Davis v Davis,* 83 AD2d 547).

In granting an award of maintenance of $25 per week for five years retroactive to March 4, 1983, the trial court properly exercised its discretion under Domestic Relations Law § 236 (B) (6) (a), carefully considering each of the 10 factors listed in that provision (see, *Calleja v Calleja,* 108 AD2d 837). Where the plaintiff's income, although she is working, does not have the potential to significantly increase, and that income is not sufficient to cover her reasonable weekly expenses, then, in the absence of evidence that the defendant is unable to afford to pay maintenance, it is not an abuse of discretion to make a maintenance award (see, Domestic Relations Law § 236 [B] [6]; *McClusky v McClusky,* 87 AD2d 973). Nor was it an abuse of discretion for the court to direct that the plaintiff receive $17,500, or one half of the net proceeds from the sale of the marital home, as a property distribution. The court duly considered each of the 10 factors in Domestic Relations Law § 236 (B) (5) (d), and concluded, that given the plaintiff's substantial contribution to the creation and enhancement of the marital assets, it was appropriate that these proceeds be divided equally. That the court did not deduct any outstanding marital debts from the plaintiff's share of the proceeds of the sale of the marital home was not improper since no evidence of such outstanding debts was on the record before the court.

Finally, the trial court erred in awarding the plaintiff $643.98 in disbursements for expenses incurred in connection with the printing of a record and brief for a prior appeal to this court. That appeal was dismissed on the ground that no appeal lies from the denial of a motion for reargument (see, *Bartal v Bartal,* 97 AD2d 451), and the award to the plaintiff of disbursements for that appeal was improper (see, *Martin v Martin,* 28 AD2d 897; *Borakove v Borakove,* 116 AD2d 683). In other respects, however, the award of counsel fees and disbursements appropriately took into account the "circumstances of the case and of the respective parties", and thus was a proper exercise of the court's discretion (see, Domestic Relations Law § 237; *Calleja v Calleja,* 108 AD2d 837, *supra).* Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.