■ ROBERT FOY, Appellant, v JOAN FOY, Respondent.—In an action for a separation, the plaintiff husband appeals from an order of the Supreme Court, Westchester County (Jiudice, J.), dated July 16, 1985, which, *inter alia,* (1) ordered him to pay to the defendant wife the sums of $465 per week for maintenance and $25 per week in arrears, (2) directed him to continue in effect any existing medical, dental and life insurance for the benefit of the defendant, and (3) ordered him to pay the wife's counsel fees and disbursements in the amount of $12,194.

Order modified, by reducing the amount of maintenance in the first decretal paragraph thereof from $465 per week to $350 per week. As so modified, order affirmed, without costs or disbursements.

A review of the record in this separation action indicates that the trial court's award of maintenance to the defendant wife in the sum of $465 per week was excessive. While the husband presently enjoys a relatively high annual income, the trial testimony reveals that he has vacated the marital residence and must meet his own housing and utility expenses. Moreover, it is uncontroverted that the husband is in the process of repaying substantial debts which he incurred for the purpose of financing the education of the parties' children and for other family expenses. In entertaining a request for spousal maintenance, the trial court is required to render a determination based upon the reasonable needs and means of the parties *(see,* Domestic Relations Law § 236 [B] [6]), and must weigh, *inter alia,* the skills and income of the supported spouse *(see, e.g., Jacob v Jacob,* 97 AD2d 813, *lv denied* 62 NY2d 606) as well as the earnings, debts and expenses of the spouse rendering support *(see, Muscarella v Muscarella,* 93 AD2d 993; *Colabella v Colabella,* 86 AD2d 643). Under the circumstances of this case, a reduction of the maintenance award from $465 to $350 per week, when combined with the defendant's own salary as a nurse of approximately $23,000 per year, will suffice to meet her reasonable needs and expenses.

The husband contends that the award should be limited in duration. We disagree. There was testimony to the effect that the wife's health may be impaired. Hence, the trial court's determination not to impose such a durational limit on maintenance was correct. We similarly reject the husband's contention that the trial court erred in failing to order a sale of the marital residence and a division of the proceeds therefrom. While Domestic Relations Law § 234 has been construed so as

to authorize the trial court to compel such a sale in an action for separation *(see, Kahn v Kahn,* 43 NY2d 203; *Martin v Martin,* 82 AD2d 431), there is no requirement that a sale be ordered, and we discern no abuse of discretion in the trial court's express refusal to dispose of that property in this case. Our determinations regarding the issues of maintenance and the sale of the marital residence are not intended to bind the trial court in the pending divorce action between the parties.

Additionally, contrary to the husband's contention, the language of the order appealed from does not require him to pay the wife's potential extraordinary medical and dental expenses. Instead, the order merely permits the wife to make an application for payment of those expenses should they arise in the future. Finally, we discern no error in the trial court's fixing of reasonable counsel fees and disbursements in the amount of $15,194, or in its order requiring the husband to pay $12,194 of this amount. The evidence before the trial court sufficiently established the wife's inability to pay more than a portion of the fees *(see, Griffin v Griffin,* 115 AD2d 587; *Cook v Cook,* 95 AD2d 768; *Standley v Standley,* 83 AD2d 863). Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.