■ CORRINE S. IWANICKI, Appellant, v HAROLD G. IWANICKI, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Geiler, J.), entered October 6, 1986, which, *inter alia:* (1) directed that the marital residence be sold; (2) denied her an award of maintenance; (3) limited the award of child support to $50 per week per child, and (4) denied the plaintiff's claim for arrears pursuant to a pendente lite order of the same court, dated February 19, 1985, which directed the defendant husband to pay maintenance and child support to the plaintiff.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the fourth decretal paragraph thereof which denied the plaintiff maintenance and substituting therefor a provision directing the defendant to pay to the plaintiff $50 per week maintenance for a period of five years, and (2) by deleting so much of the ninth decretal paragraph thereof as denied the plaintiff's claim for arrears due under the pendente lite order and substituting therefor a provision directing the defendant to pay the amount of arrears stipulated to by the parties, i.e., $2,940; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the defendant's time to start paying maintenance is extended until service upon him of a copy of this decision and order, with notice of entry.

The parties were married in April 1968 and two children were born of the marriage. The plaintiff wife commenced this action for divorce in January 1985. On January 26, 1987, the parties' elder daughter died.

Upon a review of the record, we find that the plaintiff's request for maintenance should have been granted. In entertaining a request for spousal maintenance, the trial court is required to render a determination based upon the reasonable needs and means of the parties *(see,* Domestic Relations Law

§ 236 [B] [6]). The court must weigh, *inter alia,* the present skills and income of the supported spouse *(see, e.g., Foy v Foy,* 121 AD2d 501; *Jacob v Jacob,* 97 AD2d 813, *lv denied* 62 NY2d 606)* as well as the supported spouse's ability and potential to become self-sufficient *(see, Bartal v Bartal,* 117 AD2d 698, 699; *Sorrentino v Sorrentino,* 116 AD2d 564, 566). In addition, the court is to consider the earnings, debts and expenses of the spouse rendering support *(see, Foy v Foy, supra; Muscarella v Muscarella,* 93 AD2d 993; *Colabella v Colabella,* 86 AD2d 643). Under the circumstances of this case, we find that an award of $50 per week maintenance to the plaintiff for a period of five years is appropriate as it will enable the plaintiff to meet her reasonable needs and expenses and allow her to become more fully self-supporting.

We find that the plaintiff is entitled to an award on her claim for arrears accruing pursuant to the pendente lite award of maintenance and child support in the amount, as stipulated by the parties, of $2,940.

Finally, the trial court properly exercised its discretion in directing that the marital premises be sold and in denying the plaintiff's application for attorney's fees. Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.