■ MARGARET DEBLASIO, Appellant, v JOHN DEBLASIO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from stated portions of a judgment of the Supreme Court, Nassau County (Morrison, J.), entered October 5, 1988, which, *inter alia,* (1) dismissed her cause of action for divorce on the ground of cruel and inhuman treatment, (2) awarded the defendant husband judgment against her on his first counterclaim in the principal sum of $4,500, (3) awarded the defendant custody of the two minor children, (4) denied her application for court-ordered visitation, (5) awarded the defendant exclusive use and occupancy of the marital residence, (6) denied her application for an award of maintenance, (7) denied her application for an award of counsel fees, and (8) granted the defendant an order of protection.

Ordered that the judgment is modified, on the law and the facts, by deleting the second decretal paragraph thereof and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED that the defendant's first counterclaim is dismissed and the plaintiff is awarded judgment against the defendant in the amount of $1,700 representing arrears in pendente lite maintenance accrued as of August 4, 1988"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In his first counterclaim, the defendant alleged that the plaintiff had "systematically looted" a joint money account "converting the sum of $9,000 to her own use without the permission, consent or knowledge of the [d]efendant" and that "[p]laintiff has converted to her own use [d]efendant's moiety in said funds amounting to $4,500". After a trial, the Supreme Court awarded the defendant judgment on his first counterclaim "in the sum of $4,500.00, less an offset for any arrears in *pendente lite* maintenance accrued". The judgment subsequently entered awarded the defendant the sum of $4,500 on his first counterclaim "less an offset" to the plaintiff "for arrears in *pendente lite* maintenance accrued as of August 4, 1988 in the amount of $1,700.00".

We disagree with the Supreme Court's determination with respect to the merits of the defendant's first counterclaim. The record indicates that each of the savings withdrawals made by the plaintiff and challenged by the defendant was offset by corresponding and contemporaneous deposits by the plaintiff to the parties' joint checking account. Accordingly, the defendant's first counterclaim must be dismissed. Moreover, since the defendant has not challenged the figure of $1,700 representing his arrears in payment of pendente lite maintenance,

the plaintiff is entitled to a money judgment in that sum. The judgment appealed from has therefore been modified accordingly.

We have reviewed the plaintiff's remaining arguments and find them to be without merit (see, Sandhu v Sandhu, 95 AD2d 800, affd 60 NY2d 866; Foy v Foy, 121 AD2d 501; Domestic Relations Law § 236 [B] [6]; § 237 [a]). Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.