■ CAROL H. CHREIN, Respondent, v CHARLES L. CHREIN, Appellant.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about June 21, 1989, which directed pendente lite enforcement relief in favor of plaintiff in the nature of $2,250 arrears in weekly maintenance and child support payments; arrears of $2,377.90 for miscellaneous unpaid medical and dental expenses, automobile insurance and repair expenses, and school-related expenses; exclusive occupancy, on a part-time basis, of one of the marital residences, located in Hackettstown, New Jersey; sharing of the cost of minutes of the trial on the divorce action now pending before a Judicial Hearing Officer; exclusive use by plaintiff of the parties' Jeep Wagoneer automobile and, until that vehicle is turned over, exclusive use of the parties' 1985 Mercedes; release to plaintiff of all custodial accounts presently held by defendant for their son under the Uniform Gifts to Minors Act, for certain limited and ex-

pressed purposes; and payment to plaintiff of legal fees in connection with these enforcement proceedings, in the amount of $20,000, is unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of deleting $172.68 from the miscellaneous expenses portion of the arrears, as well as the directive to turn over to plaintiff the custodial funds held for the benefit of their child, and the order is otherwise affirmed, without costs.

Judgment of the same court, entered December 5, 1989, which covered only that portion of the order dealing with miscellaneous expense arrears of $2,377.90, is similarly modified to reduce that sum to $172.68, and otherwise affirmed, without costs.

This appeal is brought virtually on the eve of the trial on the money phase of this divorce action, plaintiff having already prevailed on the issue of the divorce status. It is evident that defendant has engaged in legal maneuvering designed to frustrate and avoid compliance with court orders for temporary support. An award of counsel fees necessitated by bringing enforcement proceedings is appropriate under such circumstances. (Schussler v Schussler, 109 AD2d 875, 878.) The amount awarded by the IAS court was adequately supported in counsel's affidavit of services and annexed statements itemizing billable hours and disbursements.

Although there is a dispute as to the source of the custodial account funds, which amount to approximately $115,000, these funds were clearly intended for the college education of the child, who is now 10 years old. Plaintiff seeks to use approximately $6,700 of these funds for the purchase of an encyclopedia and a computer for the child, as well as to pay for his summer camp. However justified, college education funds are not an appropriate source for meeting these expenses on an award of temporary support.

Plaintiff has adequately demonstrated that the weekend home in Hackettstown is not defendant's primary residence and, thus, the sharing arrangement directed was appropriate. With respect to the miscellaneous arrears, the only "double dipping" conceded on this record is in the amount of $172.68. Concur—Kupferman, J. P., Ross, Rosenberger, Kassal and Smith, JJ.