■ JULIE LEVINE, Appellant, v ROBERT LEVINE, Respondent. [770 NYS2d 358]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Scancarelli, J.H.O.), entered July 29, 2002, as, after a nonjury trial on the issue of fault, determined that the plaintiff failed to establish cruel and inhuman treatment by a preponderance of the evidence, and denied her cause of action for a divorce on that ground.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment awarding the plaintiff a divorce on the ground of cruel and inhuman treatment, and to determine the remaining issues.

The plaintiff testified that the defendant committed numerous violent and humiliating acts, which included, inter alia, various verbal and physical assaults, during the course of the parties' 21-year marriage.

The plaintiff also presented the testimony of her treating therapist, treating psycho-pharmacologist, and a court-appointed psychologist (hereinafter mental health professionals). Each of the mental health professionals testified that the plaintiff suffered from posttraumatic stress disorder (hereinafter PTSD) and depression. Both the treating therapist and the treating psycho-pharmacologist testified that the plaintiff's PTSD resulted from the abusive marital relationship and that the plaintiff had past suicidal ideations. The defendant did not present any expert witness to refute the testimony of the mental health professionals. Moreover, the plaintiff's neighbor and two friends testified that they had observed the defendant verbally abuse or humiliate the plaintiff.

The Supreme Court determined, inter alia, that the plaintiff did not present the credible proof needed to establish cruel and inhuman treatment so as to entitle her to a divorce on such ground.

"Where, as here, a case is tried without a jury, our power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the ev-

idence and the credibility of the witnesses. Moreover, the trial court's determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not be reached under any fair interpretation of the evidence" (*Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830 [1991]).

Domestic Relations Law § 170 (1) states that: "[a]n action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: "(1) The cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant."

Contrary to the Supreme Court's determination, the plaintiff was not required to present medical evidence to support her claims of physical abuse, since objective proof of physical or mental injury is not a prerequisite for obtaining a divorce on the ground of cruel and inhuman treatment (*see Hessen v Hessen,* 33 NY2d 406, 411 [1974]). In fact, a plaintiff may establish his or her entitlement to a divorce on the ground of cruel and inhuman treatment, pursuant to Domestic Relations Law § 170 (1), where the plaintiff presents proof of conduct by the defendant which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper (*see Hessen v Hessen, supra; Habib v Habib,* 278 AD2d 277 [2000]; *Bulger v Bulger,* 88 AD2d 895 [1982]).

Here, the plaintiff's proof, when viewed cumulatively, established by a preponderance of the credible evidence that the defendant engaged in a course of conduct which was harmful to the plaintiff's physical and mental health, rendering cohabitation unsafe or improper. The defendant failed to successfully rebut this showing. As such, the Supreme Court erred in concluding that the plaintiff did not present the credible proof needed to establish cruel and inhuman treatment so as to entitle her to a divorce on such ground (*see Bulger v Bulger, supra*).

Accordingly, we remit the case to the Supreme Court, Westchester County, for the entry of a judgment awarding the plaintiff a divorce on the ground of cruel and inhuman treatment, and to determine the remaining issues.

The plaintiff's remaining contention is without merit. Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.